**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 22 2001**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

LEOBARDO SALAS-MENDOZA,

    Defendant-Appellant.

No. 99-6421

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA
(D.C. No. CR-99-118-L)

---

Daniel G. Webber, Jr., United States Attorney, Rozia McKinney-Foster, Assistant United States Attorney, Oklahoma City, Oklahoma, for Plaintiff-Appellee.

Teresa Brown, Assistant Federal Public Defender, Oklahoma City, Oklahoma, for Defendant-Appellant.

---

Before **BALDOCK**, **PORFILIO**, and **BRORBY**, Circuit Judges.[*]

---

**BALDOCK**, Circuit Judge.

---

    [*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the merits without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(A)(2). The case is therefore ordered submitted without oral argument.

Defendant Leobardo Salas-Mendoza pled guilty to one count of reentry of a removed alien in violation of 8 U.S.C. § 1326(a). The district court sentenced Defendant to 84 months imprisonment. In calculating his sentence, the district court increased the base offense level by 16 points pursuant to U.S.S.G. § 2L1.2(b)(1)(A) (1998), due to Defendant's prior conviction for illegally transporting aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(ii). Defendant challenges the increase in offense level by arguing that illegally transporting aliens does not fall within the definition of "aggravated felony" for purposes of U.S.S.G. § 2L1.2(b)(1)(A). We exercise jurisdiction pursuant to 18 U.S.C. § 3742. We review the district court's legal interpretation of the guidelines de novo. United States v. Rice, 52 F.3d 843, 848 (10th Cir. 1995). Applying this standard, we affirm.

Section 2L1.2 requires a 16 level increase in offense level if the defendant was previously deported after a criminal conviction for an "aggravated felony." Under 8 U.S.C. § 1101(a)(43)(N), the term "aggravated felony" is defined as "an offense described in paragraph (1)(A) or (2) of § 1324(a) of this title (*relating to alien smuggling*)" (emphasis added). 8 U.S.C. § 1324(a)(1)(A) describes the offense of illegal transportation of aliens along with several other offenses related to illegal aliens. Subsection (a)(1)(A) states in its entirety:

> (1)(A) Any person who-
> (i) knowing that a person is an alien, brings to or attempts to bring to the United States in any manner whatsoever such person at a place other than a designated port of entry or place

other than as designated by the Commissioner, regardless of whether such alien has received prior official authorization to come to, enter, or reside in the United States and regardless of any future official action which may be taken with respect to such alien;

(ii) knowing or in reckless disregard of the fact that an alien has come to, entered, or remains in the United States in violation of law, <u>transports, or moves or attempts to transport or move such alien within the United States by means of transportation or otherwise,</u> in furtherance of such violation of law;

(iii) knowing or in reckless disregard of the fact that an alien has come to, entered, or remains in the United States in violation of law, conceals, harbors, or shields from detection, or attempts to conceal, harbor, or shield from detection, such alien in any place, including any building or any means of transportation;

(iv) encourages or induces an alien to come to, enter, or reside in the Untied States, knowing or in reckless disregard of the fact that such coming to, entry, or residence is or will be in violation of law; or

(v)(I) engages in any conspiracy to commit any of the preceding acts, or

(II) aids or abets the commission of any of the preceding acts, shall be punished as provided in subparagraph (B).

(emphasis added).

Defendant argues that a conviction for illegal transportation of aliens does not "relate to alien smuggling." Defendant contends that smuggling of aliens, by definition, requires the movement of aliens across the border between Mexico and the United States whereas transportation of aliens involves the movement of aliens solely within the United States. Defendant, however, cites no case law in support of this argument.

In <u>United States v. Monjares-Castaneda</u>, 190 F.3d 326, 331 (5th Cir. 1999), the

3

Fifth Circuit considered this precise question and held that the parenthetical, "'(relating to alien smuggling)', found in § 1101(a)(43)(N) acts only to describe, not to limit the 'offenses described in paragraph (1)(A) or (2) of § 1324(a).'" A plain reading of the statute supports this conclusion. Transportation of aliens is clearly "related to" alien smuggling. Each enumerated offense in § 1324(a) involves the transportation, movement, and hiding of aliens whether crossing into or within the United States. In addition, Congress has broadened the scope of § 1324 since its inception indicating an intent to include the additional offense of transportation of aliens within the anti-smuggling laws. As the Ninth Circuit explained:

> From its genesis as a statute prohibiting only the bringing in of aliens, § 1324(a)(1) now presents a single comprehensive "definition" of the federal crime of alien smuggling - one which tracks smuggling and related activities from their earliest manifestations (inducing illegal entry and bringing in aliens) to continued operation and presence within the United States (transporting and harboring or concealing aliens).

United States v. Sanchez-Vargas, 878 F.2d 1163, 1169 (9th Cir. 1989).

The context in which the parenthetical is used also supports the conclusion that it is descriptive rather than limiting. Monjares-Castaneda, 190 F.3d at 330. Section 1101(a)(43) contains a long list of aggravated felonies referenced by section number. Without any descriptions of what the section numbers refer to, determining whether an offense qualifies as an aggravated felony would be a laborious process. We agree with the Fifth Circuit that the parentheticals are "aids to identification" only. Id.

Finally, some of the parentheticals in § 1101(a)(43) are expressly limiting. For

4

example, § 1101(a)(43)(F) specifies "a crime of violence (as defined in § 16 of Title 18, *but not including* a purely political offense) for which a term of imprisonment is at least one year." (emphasis added). Congress has demonstrated its ability to exclude some specific offenses from those listed in the more general sections, but in this case they chose not to do so. Id. Therefore, we cannot infer that § 1101(a)(43)(N) excludes the crime of illegally transporting aliens from the definition of an aggravated felony.

Accordingly, we hold that the crime of transporting aliens is an aggravated felony for purposes of an increase in the base offense level under U.S.S.G. § 2L1.2(b)(1)(A). For the foregoing reasons, the judgment of the district court is

AFFIRMED.