**F I L E D**

**UNITED STATES COURT OF APPEALS**

**August 9, 2007**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

MARIO ALBERTO BUENO-MARTINEZ,

    Defendant-Appellant.

No. 06-3422
(D.Ct. No. 06-CR-20091-CM)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Circuit Judge, and **BARRETT** and **BRORBY**, Senior
Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Appellant Mario Bueno-Martinez pled guilty to one count of illegal reentry

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

of a deported alien previously convicted of an aggravated felony in violation of 8 U.S.C. § 1326(a)(1) and (2) and (b)(2).[1]  He now appeals his sentence, arguing it is unreasonable under the 18 U.S.C. § 3553(a) sentencing factors.  In support of his appeal, he claims the district court's application of the sixteen-level enhancement under United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") § 2L1.2(b)(1)(A)(vii), for his prior felony smuggling offense, was unduly harsh based on his minimal participation or conduct during that offense. We exercise jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291 and affirm Mr. Bueno-Martinez's sentence.

I.  Factual and Procedural Background

Mr. Bueno-Martinez is a citizen of Mexico whom government authorities previously arrested on November 8, 1997, for transporting illegal aliens in violation of 18 U.S.C. § 1324.  During that incident, authorities stopped Mr. Bueno-Martinez, who was driving a 1984 Oldsmobile Delta 88, for a defective tail light and discovered that his ten passengers, three of whom were in the trunk, were illegal aliens.  Mr. Bueno-Martinez claimed he drove the vehicle for a reduction in his own transportation fee.  Mr. Bueno-Martinez was convicted and

---

[1]  The crime of smuggling aliens under 8 U.S.C. § 1324, which is the statute under which Mr. Bueno-Martinez was previously convicted, is an aggravated felony.  *See United States v. Martinez-Candejas*, 347 F.3d 853, 857 (10th Cir. 2003)*; United States v. Heredia-Cruz*, 328 F.3d 1283, 1290 (10th Cir. 2003); *United States v. Salas-Mendoza*, 237 F.3d 1246, 1248 (10th Cir. 2001).

sentenced to seven months imprisonment and two years supervised release. On June 19, 1998, approximately ten days after he was released from prison, the government deported Mr. Bueno-Martinez to Mexico.

Eight years later, on June 12, 2006, government authorities arrested Mr. Bueno-Martinez in the United States for illegal reentry of a deported alien previously convicted of an aggravated felony in violation of 8 U.S.C. § 1326(a) and (b)(2), which is a Class C felony. Following Mr. Bueno-Martinez's guilty plea, a probation officer prepared a presentence report calculating his sentence under the applicable Guidelines. The probation officer set Mr. Bueno-Martinez's base offense level at eight pursuant to U.S.S.G. § 2L1.2(a) and increased his base level sixteen levels pursuant to § 2L1.2(b)(1)(A) because he possessed a prior felony conviction for the 1998 alien smuggling offense, resulting in a total offense level of twenty-two. The presentence report also set Mr. Bueno-Martinez's criminal history category at III, which, together with an offense level of twenty-two, resulted in a recommended Guidelines sentencing range of fifty-one to sixty-three months imprisonment.

Mr. Bueno-Martinez objected to the use of the sixteen-level enhancement, arguing it was unduly harsh and exceeded the purposes underlying the sentencing factors in 18 U.S.C. § 3553(a) because it penalized him for his minimal

participation in the crime of alien smuggling, during which he was one of the individuals being smuggled into the country. He renewed his claim he drove the car transporting the other illegal immigrants to avoid paying a transportation fee. He suggested the United States Sentencing Commission's statement in Amendment 658, explaining the amendment to U.S.S.G. § 2L1.2 was intended to apply to only the most serious of alien smuggling offenses, invited the court to adjust his sentence to avoid an unduly harsh result.[2] He also contended application of the sixteen-level enhancement would unfairly give him the same sentence enhancement as other individuals convicted of illegal reentry who had more serious prior convictions for murder, rape, forcible sex offenses, robbery, arson, child pornography, or sexual abuse of a minor.

At the sentencing hearing, Mr. Bueno-Martinez renewed his contention

---

[2] Specifically, the amendment removes reference to smuggling committed *for profit*. In the Sentencing Commission's reasons for amending, it states the removal of "for profit" allows the definition of "alien smuggling offense" to exclude:

> "a first offense for which the alien has affirmatively shown that the alien committed the offense for the purpose of assisting, abetting, or aiding only the alien's spouse, child, or parent (and no other person)". This definition generally is consistent with the guideline's previous terminology of "alien smuggling offense committed for profit," and results in a 16 level increase only for the most serious of such offenses.

U.S.S.G. App. C, Vol. II, Amend. 658.

concerning the harshness of the application of a sixteen-level enhancement. He argued the mitigating circumstances of his participation in transporting himself and other illegal immigrants warranted a "variance," resulting in an eighteen-month sentence. During his argument, Mr. Bueno-Martinez also requested a "departure downward" based, in part, on the circumstances of his prior smuggling offense and family circumstance, given his wife and children are all United States citizens and he was in this country because of his family.

In opposing a lower sentence, the government pointed out Mr. Bueno-Martinez moved to the United States in 1995 and married his wife, a United States citizen, in 1996, yet claimed he was being smuggled into the country in 1997 when he was arrested. It also noted the main issue in opposing a variance was deterrence given Mr. Bueno-Martinez illegally reentered the United States only three months after his 1998 deportation, concealed himself for the purpose of remaining in the United States, and failed to pay taxes on his income. In response, Mr. Bueno-Martinez's counsel explained any prior violation of the law for illegal reentry was for family and economic reasons, which should not place Mr. Bueno-Martinez in the same category for sentencing as one who committed a violent crime.

In sentencing Mr. Bueno-Martinez, the district court noted it had

considered the advisory Guidelines, which help provide uniformity in sentencing, together with the sentencing factors in 18 U.S.C. § 3553(a), for the purpose of providing a sentence sufficient but not greater than necessary to comply with its sentencing purposes. It explicitly noted it considered the nature and circumstances of Mr. Bueno-Martinez's illegal reentry offense as well as his history and characteristics. In so doing, it explained it "[s]pecifically ... considered the nature of [Mr. Bueno-Martinez's] prior transportation of illegal aliens offense." R., Vol. 3 at 22. It also stated it had considered the facts he had no other convictions and illegally reentered the country only three months after his deportation and noted it reviewed letters written on Mr. Bueno-Martinez's behalf and his reasons for living in the United States to provide economic and educational benefits for his children. The district court further explained it balanced Mr. Bueno-Martinez's lack of a violent background with the issue of deterrence and his illegal reentry into the United States shortly after his deportation. It also noted his family circumstance did not take him outside the heartland of other cases as no exceptional reasons existed to change his sentence. It did, however, state it believed a variance of one offense level was warranted given Mr. Bueno-Martinez timely entered a guilty plea. Based on these reasons, it found a term of forty-six months[3] was "a harsh sentence," but one under the law

_____

[3] The one-level offense variance resulted in an advisory Guidelines range of forty-six to fifty-seven months imprisonment. *See* U.S.S.G. Ch. 5, Pt. A

(continued...)

-6-

that was "just and reasonable," "appropriate," "adequate" to deter him from criminal conduct, and "sufficient but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, [and] provide just punishment for the offense." R., Vol. 3 at 26-27.

## II. Discussion

Mr. Bueno-Martinez now appeals his sentence, arguing his sentence is unreasonable because the district court improperly viewed his request for a reduced sentence solely as a departure based on his family circumstances instead of a variance based on the nature of his prior alien smuggling offense in which he merely drove the vehicle transporting illegal aliens to cover his own transportation fee. He suggests the district court did not consider his variance argument because it merely stated, "[s]pecifically, the court has considered the nature of [Mr. Bueno-Martinez's] prior transportation of illegal aliens offense." Apt. Br. at 10-11. As a result, he claims the district court failed to "address the incongruity between [his] actual conduct in the prior alien smuggling case and the 16 level increase mandated by the guidelines." *Id.* at 13. In making this argument, he relies extensively on our decision in *United States v. Sanchez-Juarez*, in which we remanded the case with instructions to vacate the defendant's

[3](...continued)
(Sentencing Table).

sentence and resentence him because the district court failed to consider his request for a below-Guidelines-range sentence under § 3553(a) based on an alleged incongruity between the actual conduct involved in his prior alien smuggling conviction and the sixteen-level enhancement. *See* 446 F.3d 1109, 1117-18 (10th Cir. 2006) (*Sanchez-Juarez I*), *aff'd after remand*, 2007 WL 1874235 (10th Cir. June 29, 2007) (unpublished op.) (*Sanchez-Juarez II*). He also continues to suggest his prior smuggling offense is not a serious smuggling offense because the commentary to Amendment 658 to U.S.S.G. § 2L1.2(b)(1)(A)(vii) explains a sixteen-level increase is "only for the most serious" alien smuggling offenses.

We begin our discussion by clarifying that a sentence above or below the recommended Guidelines range based on an application of Chapters Four or Five of the Guidelines is referred to as a "departure," while a sentence above or below the recommended Guidelines range through application of the sentencing factors in 18 U.S.C. § 3553(a)[4] is called a "variance." *United States v. Atencio*, 476 F.3d

_____

[4] 18 U.S.C. § 3553(a) provides, in part, the court shall consider:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed--
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;

(continued...)

1099, 1101 n.1 (10th Cir. 2007). Mr. Bueno-Martinez previously requested a downward departure based both on his family circumstance and the conduct underlying his prior smuggling offense and also requested a variance under the § 3553(a) sentencing factors based on his claim his participation in the prior smuggling offense did not warrant a sixteen-level enhancement. It is the variance issue he now appeals.

We review for reasonableness the sentence's length, as guided by the factors in 18 U.S.C. § 3553(a). *See United States v. Kristl*, 437 F.3d 1050, 1053 (10th Cir. 2006) (*per curiam*). These factors "include the nature of the offense and characteristics of the defendant, as well as the need for the sentence to reflect the seriousness of the crime, to provide adequate deterrence, to protect the public, and to provide the defendant with needed training or treatment ...." *Id.* We require reasonableness in two respects: "the length of the sentence, as well as the

---

[4](...continued)
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
> ....
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

method by which the sentence was calculated." *Id.* at 1055 (emphasis omitted). In order to be reasonable, a sentence must be both procedurally and substantively sound. *See United States v. Cage*, 451 F.3d 585, 591 (10th Cir. 2006). A procedurally reasonable sentence is one that is "calculated utilizing a legitimate method." *Id.* "Even if a sentence is calculated properly, i.e. the Guidelines were properly applied and the district court clearly considered the § 3553(a) factors and explained its reasoning, a sentence can yet be unreasonable." *Id.* A sentence is substantively reasonable so long as the district court did not abuse its discretion. *See Rita v. United States*, ___ U.S. ___, 127 S. Ct. 2456, 2465 (2007).

On appellate review a presumption of reasonableness attaches to a sentence which is within the correctly-calculated Guidelines range. *See id.; Kristl*, 437 F.3d at 1053-54. If the district court "properly considers the relevant Guidelines range and sentences the defendant within that range, the sentence is presumptively reasonable," but "[t]he defendant may rebut this presumption by demonstrating that the sentence is unreasonable in light of the other sentencing factors laid out in § 3553(a)." *Kristl*, 437 F.3d at 1055. We have also held that a decision to impose a sentence at the low end of the Guidelines range may be read as a functional rejection of the defendant's arguments based on any of the § 3553(a) factors. *See Sanchez-Juarez I*, 446 F.3d at 1115.

In addition, "[w]hen the defendant has not raised any substantial contentions concerning non-Guidelines § 3553(a) factors and the district court imposes a sentence within the Guideline range, our post-*Booker* precedents do not require the court to explain on the record how the § 3553(a) factors justify the sentence." *United States v. Lopez-Flores*, 444 F.3d 1218, 1222 (10th Cir. 2006)*, cert. denied,* 127 S. Ct. 3043 (2007). In contrast, in certain circumstances, we have held that:

> [W]here a defendant has raised a nonfrivolous argument that the § 3553(a) factors warrant a below-Guidelines sentence and has expressly requested such a sentence, we must be able to discern from the record that the sentencing judge did not rest on the guidelines alone, but considered whether the guidelines sentence actually conforms, in the circumstances, to the statutory factors.

*Sanchez-Juarez I*, 446 F.3d at 1117 (quotation marks, alterations, and citation omitted). "[A]lthough the district court is not obligated to expressly weigh on the record each of the factors set out in § 3553(a), it must state its reasons for imposing a given sentence." *Id.* at 1116 (quotation marks and citations omitted). While "we will not demand that the district court recite any magic words" to support its conclusions, neither will we "presume the district court weighed a party's arguments in light of the § 3553(a) factors where the record provides no indication that it did so and no clear explanation of the sentence imposed." *Id.* at 1115-16 (quotation marks and citations omitted). In determining whether the district court properly considered the applicable Guidelines, we review its legal

conclusions de novo and its factual findings for clear error. *Kristl,* 437 F.3d at 1054.

On appeal, Mr. Bueno-Martinez appears to be arguing his sentence is both procedurally and substantively unreasonable because the district court applied the sixteen-level enhancement under § 2L1.2(b)(1)(A)(vii) for his alien smuggling offense without addressing the conduct underlying that offense (procedural claim) and failing to consider his request for a reduction of his sentence based on his allegedly less serious conduct during that offense (substantive claim). *See Sanchez-Juarez II*, 2007 WL 1874235, at *2 (indicating the defendant, who raised similar claims, challenged both the procedural and substantive unreasonableness of his sentence).[5] In either case, he is essentially asking the court to consider the underlying facts of his smuggling offense to determine the reasonableness of his sentence. He contends the district court failed to do this, as evidenced by its failure to explicitly address his argument.

In addressing Mr. Bueno-Martinez's contentions, it is helpful to understand

---

[5] As previously noted, Mr. Bueno-Martinez relies extensively on *Sanchez-Juarez I* in support of his appeal. However, equally instructive to our review is *Sanchez-Juarez II*, which involves the same case on appeal following remand. Such unpublished precedent has persuasive value with respect to the same material issue raised here and assists with our disposition of this appeal. *See United States v. Austin*, 426 F.3d 1266, 1274 (10th Cir. 2005), *cert. denied,* 546 U.S. 1194 (2006).

that when considering whether to apply an enhancement for a prior offense, courts generally employ a categorical approach, looking only to the fact of conviction and the statutory definition or elements of the prior offense, and not to the particular facts of the crime.[6] *See Martinez-Candejas*, 347 F.3d at 858-59 (relying on *Taylor v. United States,* 495 U.S. 575, 601 (1990)). However, with regard to the sixteen-level enhancement under § 2L1.2(b)(1)(A)(vii) for alien smuggling offenses, which is at issue here, we have held the categorical approach of considering only the fact of conviction and the statutory definition of the prior offense does not apply. *See Martinez-Candejas*, 347 F.3d at 859-60. In other words, a district court may look at the facts of the prior smuggling offense to determine whether, in certain circumstances, the sixteen-level enhancement is applicable. *See id.* This is because the alien smuggling offense is not defined in terms of specific elements or offenses, and certain exceptions may apply, including when a defendant affirmatively shows he committed the offense for the purpose of smuggling family members. *See id.* at 859.

Thus, the district court in this case could look to the underlying facts or nature of Mr. Bueno-Martinez's smuggling conviction to determine if the sixteen-

---

[6] As previously noted, the crime of smuggling aliens under 8 U.S.C. § 1324, which is the statute under which Mr. Bueno-Martinez was previously convicted, is an aggravated felony. *See Martinez-Candejas*, 347 F.3d at 857*; Heredia-Cruz*, 328 F.3d at 1290; *Salas-Mendoza*, 237 F.3d at 1248.

level enhancement applied or if a sentence below the advisory Guidelines range was otherwise warranted. In addition, in *Sanchez-Juarez I*, we determined the defendant, like here, raised a nonfrivolous argument in claiming an incongruity existed between his prior alien smuggling offense (for which he only served 194 days) and other illegal reentry defendants who had convictions for crimes of violence or repeated serious drug offenses and received the same contested sixteen-level enhancement. 446 F.3d at 1112, 1117-18. Because Mr. Bueno-Martinez raises the same argument, we will treat it as nonfrivolous for the purpose of this appeal and consider it in conjunction with our decisions in *Sanchez-Juarez I* and *II* and other applicable precedent.

In *Sanchez-Juarez I*, like here, the district court allowed the parties to argue whether certain sentencing factors, in conjunction with the defendant's prior alien smuggling offense, warranted a below-Guidelines-range sentence. 446 F.3d at 1115. However, unlike here, the district court in that case imposed the advisory Guidelines sentence without citing its reasons for imposing such a sentence or referring to the sentencing factors in 18 U.S.C. § 3553(a). *See id.* at 1112, 1115. Instead, it only noted it reviewed the presentence report's factual findings and considered the Guidelines applications. *See id.* at 1115. As a result, this court remanded for resentencing in conjunction with consideration of the § 3553(a) factors. *See id.* at 1117-18. On appeal following remand, we again addressed the

same issue concerning whether the district court adequately stated on the record, with reference to the § 3553(a) factors, its reasons for rejecting the request for a sentence below the advisory Guidelines range. *Sanchez-Juarez II*, 2007 WL 1874235, at *2. We determined such a procedural reasonableness claim was resolved in *United States v. Ruiz-Terrazas*, 477 F.3d 1196, 1199-1200, 1202 (10th Cir. 2007), *petition for cert. filed* (May 24, 2007) (No. 06-11540), in which we held that where a district court imposes a sentence within the advisory Guidelines range, like here, only a general statement of reasons is required, and not a specific discussion of the § 3553(a) factors. *See Sanchez-Juarez II*, 2007 WL 1874235, at *2.

In this case, the district court imposed a sentence within the applicable Guidelines range. In addition, it not only listened to the parties' arguments regarding Mr. Bueno-Martinez's alleged minimal conduct in the prior smuggling offense, but it explicitly noted it considered the § 3553(a) factors in rendering his sentence and stated it "[s]pecifically ... considered the nature of [Mr. Bueno-Martinez's] prior transportation of illegal aliens offense." R., Vol. 3 at 22. Thus, unlike the court in *Sanchez-Juarez I*, it is evident the district court considered the nature and underlying facts of Mr. Bueno-Martinez's conduct in the prior smuggling offense, in conjunction with both its application of the sixteen-level enhancement and the requisite § 3353(a) factors, and concluded his conduct during

-15-

that offense did not warrant a lesser sentence. Moreover, in considering the

§ 3553(a) factors and providing its reasons for a forty-six-month sentence, the

district court stated it had considered the nature and circumstances of Mr. Bueno-

Martinez's illegal reentry offense and the fact he reentered the country only three

months after his deportation and had balanced Mr. Bueno-Martinez's lack of a

violent background with the issue of deterrence regarding his illegal reentry into

the United States shortly after his deportation. Thus, the district court indicated

its reasons for the sentence and noted that while a forty-six-month sentence was

"harsh," it was "sufficient but not greater than necessary" under § 3553(a) "to

reflect the seriousness of the offense, promote respect for the law, [and] provide

just punishment for the offense." R., Vol. 3 at 26-27.

For these reasons, as in the case of *Ruiz-Terrazas*, it is evident the district

court entertained extensive arguments relating to the § 3553(a) factors, specifically

noted it considered Mr. Bueno-Martinez's smuggling offense argument for a

below-Guidelines sentence, indicated on the record it considered the § 3553(a)

factors, explained its reliance on the advisory Guidelines, and ultimately imposed

a sentence within the advisory and properly-calculated Guidelines range. *See* 477

F.3d at 1202-03. *See also Sanchez-Juarez II* , 2007 WL 1874235, at *2

(addressing same issue on appeal after remand). Like *Ruiz-Terrazas*, we conclude

the process employed in imposing Mr. Bueno-Martinez's sentence was reasonable,

resulting in a procedurally reasonable sentence. *See Sanchez-Juarez II*, 2007 WL 1874235, at *2.

Mr. Bueno-Martinez also mis-characterizes what occurred at the sentencing hearing when he claims the district court improperly viewed his request for a reduced sentence solely as a departure based on his family circumstances instead of a variance based on the nature of his prior alien smuggling offense. A review of the hearing transcript discloses Mr. Bueno-Martinez requested a downward departure based both on the circumstances of his prior alien smuggling offense and his family circumstances and also requested a variance based solely on his prior alien smuggling offense. A fair reading of the hearing transcript shows the district court addressed both requests and did not improperly view Mr. Bueno-Martinez's request for a reduced sentence solely as a departure request based on his family circumstances.

Finally, for primarily the same reasons asserted in his claim his sentence is procedurally unreasonable, Mr. Bueno-Martinez suggests his sentence is also substantively unreasonable. In so doing, he claims the underlying conduct of his smuggling offense was not as serious as other smuggling offenses or prior violent crimes committed by other illegal reentry defendants. However, because the district court imposed a sentence within the properly-calculated advisory

Guidelines range, the sentence is entitled to a presumption of reasonableness, which Mr. Bueno-Martinez has not rebutted. Most notably, Mr. Bueno-Martinez has not shown the sixteen-level increase to his offense level under § 2L1.2(b)(1)(A)(vii) for his prior alien smuggling offense overstates the seriousness of his prior crime, given the record discloses he actively participated in transporting a total of ten illegal aliens into this country – all of whom were transported in an automobile he agreed to drive, regardless of whether he avoided paying his own transportation fee. Unlike the exception for smuggling one's own family members, Mr. Bueno-Martinez has not shown the circumstances involved in his situation warrant a lesser sentence. While Mr. Bueno-Martinez points to the United States Sentencing Commission's statement in Amendment 658, explaining U.S.S.G. § 2L1.2 was intended to apply to only the most serious of alien smuggling offenses, we note the Guidelines and commentary are advisory and, as he correctly stated, merely invite the court to adjust a sentence to avoid an unduly harsh result. He has not shown the district court abused its discretion in determining his conduct in the transportation of ten illegal aliens did not warrant a reduction of his Guidelines sentence. For these reasons, we cannot say his forty-six-month sentence is substantively unreasonable.

III. Conclusion

For the these reasons, we **AFFIRM** Mr. Bueno-Martinez's sentence.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge