**Robert LEMANSKI, Petitioner**

v.

**ATTORNEY GENERAL OF the UNITED STATES, Respondent.**

**No. 08–4311.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Nov. 12, 2009.

Opinion filed: Nov. 18, 2009.

---

George R. Barron, Esq., Wilkes–Barre, PA, for Petitioner.

Monica G. Antoun, Esq., Richard M. Evans, Esq., Thomas W. Hussey, Esq., Barry J. Pettinato, Esq., Joan E. Smiley, Esq., United States Department of Justice, Office of Immigration Litigation, Washington, DC, Michael B. Mukasey, Esq., Debevoise & Plimpton, New York, NY, for Respondent.

Before: SLOVITER, JORDAN and GREENBERG, Circuit Judges.

## OPINION

PER CURIAM.

Robert Lemanski petitions for review of a decision rendered by the Board of Immigration Appeals on September 29, 2008. For the reasons that follow, we will deny the petition for review.

### I. *Background*

Lemanski is a native and citizen of Poland. He became a lawful permanent resident of the United States in November 1996. In June 2002, pursuant to a guilty plea, Lemanski was convicted of one count of transporting illegal aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) [1] and was sen-

---

1. That section provides: "Any person who knowing or in reckless disregard of the fact that an alien has come to, entered, or remains in the United States in violation of law, trans-

ports, or moves or attempts to transport or move such alien within the United States by means of transportation or otherwise, in furtherance of such violation of law … shall be

tenced to five years of probation. After he completed his sentence, in Spring 2008, the Department of Homeland Security ("DHS") took Lemanski into custody and began removal proceedings based upon the conclusion that Lemanski had been convicted of an aggravated felony under INA § 101(a)(43)(N) [8 U.S.C. § 1101(a)(43)(N) ].

In proceedings before the Immigration Judge ("IJ"), Lemanski argued that his conviction does not qualify as an aggravated felony under the INA. In a detailed opinion issued in June 2008, the IJ concluded that Lemanski presented a persuasive legal argument that the IJ might have been inclined to accept. However, in light of clear precedent by this Court and the BIA, as well as the "great weight of authority" running counter to Lemanski's position, the IJ held that he was "constrained to find that respondent's federal conviction for transporting aliens ... constitutes an aggravated felony as defined in INA § 101(a)(43)(N)." Accordingly, the IJ ordered Lemanski's removal.

Lemanski appealed. On September 29, 2008, the BIA affirmed the IJ's decision and dismissed the appeal. This timely petition for review followed.[2]

## II. *Analysis*

■ Lemanski was convicted of transporting illegal aliens, which the BIA concluded qualifies as an aggravated felony covered by § 237(a)(2)(A)(iii). *See* INA § 101(a)(43)(N) [8 U.S.C. § 1101(a)(43)(N) ]. Pursuant to INA § 242(a)(2)(C) [8 U.S.C. § 1252(a)(2)(C) ], "no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in ...

section 237(a)(2)(A)(iii). . . ." However, judicial review is not precluded if the petition for review raises "constitutional claims or questions of law." INA § 242(a)(2)(D) [8 U.S.C. § 1252(a)(2)(D) ].

Lemanski claims that his conviction is not an aggravated felony for purposes of the INA. Whether a particular offense qualifies as an aggravated felony is a legal question over which this Court has jurisdiction. *See Jarbough v. Att'y Gen.*, 483 F.3d 184, 189 (3d Cir.2007). We exercise plenary review over this issue of statutory construction. *See Biskupski v. Att'y Gen.*, 503 F.3d 274, 279 (3d Cir.2007).

### A.

■ INA § 101(a)(43)(N) [8 U.S.C. § 1101(a)(43)(N) ] specifies that the term "aggravated felony" includes: "an offense described in paragraph (1)(A) or (2) of section 274(a) [8 U.S.C. § 1324(a)(1)(A) or (2) ] (relating to alien smuggling). . . ." Lemanski focuses on the statute's parenthetical phrase "relating to alien smuggling." He argues that the phrase is meant to limit the reach of the definition only to those subsections of 8 U.S.C. § 1324(a)(1)(A) or (2) that, in his view, concern alien smuggling in the sense of bringing aliens into this country illegally. He cites §§ 1324(a)(1)(A)(i) and (iv), which prohibit bringing and attempting to bring aliens into the United States and inducing aliens to enter the United States illegally. In contrast, the crime to which Lemanski pleaded guilty, § 1324(a)(1)(A)(ii), prohibits transporting aliens *within* the United States. Accordingly, Lemanski contends it is not a crime "relating to alien smuggling."

The BIA rejected Lemanski's restrictive reading of the statute. Relying upon

punished as provided in subparagraph (B)." Subparagraph (B) provides for a fine, a term of imprisonment of not more than five years, or both. *See* 8 U.S.C. § 1324(a)(1)(B).

**2.** Lemanski has been removed to Poland. His wife and three children remain in the United States.

*Biskupski v. Att'y Gen.*, 503 F.3d 274 (3d Cir.2007), and *Patel v. Ashcroft*, 294 F.3d 465 (3d Cir.2002), as controlling authority, the BIA concluded that "all violations of 8 U.S.C. § 1324(a)(1) and (2) are offenses 'relating to alien smuggling' and fall within the definition of an aggravated felony contained in section 101(a)(43)(N) of the Act." *See* A.R. 2 (BIA Decision at 1).

We agree with the BIA's conclusion, which correctly applied our precedent. In *Patel*, we concluded that the INA's parenthetical phrase "relating to alien smuggling" "is descriptive and not restrictive," and merely provides "a shorthand description of *all* of the offenses listed in INA § 274(a)(1)(A) [8 U.S.C. § 1324(a)(1)(A) ]." [3] *Patel*, 294 F.3d at 470 (emphasis added). Our decision in *Patel* forecloses Lemanski's claim.[4]

### B.

Lemanski attempts to avoid *Patel* by arguing that recent Supreme Court precedent requires a different result. Specifically, Lemanski argues that *Lopez v. Gonzales*, 549 U.S. 47, 53–54, 127 S.Ct. 625, 166 L.Ed.2d 462 (2006), and *Leocal v. Ashcroft*, 543 U.S. 1, 9–10, 125 S.Ct. 377, 160 L.Ed.2d 271 (2004), direct courts to interpret the INA's "aggravated felony" provisions "in light of the plan or ordinary meaning of the language involved." According to Lemanski, the plain meaning of the term "smuggling" implies transit over some border or boundary, while "transporting" does not.

We do not disagree that *Lopez* and *Leocal* direct us to employ a plain meaning approach. We have, however, already determined that the plain meaning of INA § 101(a)(43)(N) [8 U.S.C. § 1101(a)(43)(N) ] is that all of the offenses set forth in § 1324(a)(1)(A) and (2) meet the definition of "aggravated felony." Specifically, in *Patel*, we considered the analogous argument that "*harboring* an alien cannot be an aggravated felony because the alien ... was already in this country and he (Patel) had no part in the alien's illegal admission or entry." *Patel*, 294 F.3d at 469 (emphasis in original). Because Patel did not bring an alien into

---

**3.** This interpretation is consistent with authority from other Courts of Appeals. *See, e.g.*, *United States v. Guzman–Mata*, 579 F.3d 1065, 1069 (9th Cir.2009) (a conviction under § 1324(a)(1)(A)(ii) is an "alien smuggling offense" under the INA, and therefore qualifies for treatment as such under the Sentencing Guidelines); *United States v. Solis–Campozano*, 312 F.3d 164, 166 (5th Cir.2002) (a conviction under § 1324(a)(1)(A)(ii) for transporting aliens is "related to" alien smuggling); *Gavilan–Cuate v. Yetter*, 276 F.3d 418, 419 (8th Cir.2002) (a conviction under §§ 1324(a)(1)(A)(ii) and (iii) is an aggravated felony under the INA).

**4.** We are unaware of any court that has concluded that the phrase "relating to alien smuggling" is restrictive and therefore excludes a conviction for transporting aliens under 8 U.S.C. § 1324(a)(1)(A)(ii). In his decision, the IJ noted that the Court of Appeals for the Second Circuit might find Lemanski's position persuasive, as reflected by *Evangelista v. Ashcroft*, 359 F.3d 145, 151–52 (2d Cir. 2004). The *Evangelista* court concluded that a conviction for "defeating a tax" was a crime "relating to tax evasion" for INA purposes, *see* INA § 101(a)(43)(M)(ii) [8 U.S.C. § 1101(a)(43)(M)(ii) ], *without deciding* whether the statute's parenthetical phrase "relating to tax evasion" was descriptive or restrictive. However, the *Evangelista* court rejected the argument that the grammatical structure of the statute compelled a particular conclusion. *See id.* (declining to follow the analysis set forth in *United States v. Monjaras–Castaneda*, 190 F.3d 326, 329–30 (5th Cir. 1999)). In contrast, in *Patel*, we concluded that the structure of the INA compels a conclusion that the parenthetical "relating to" phrases "are intended only as a general illustration of the referenced criminal statute ... [to] assist the reader who is attempting to determine whether a particular offense constitutes an aggravated felony." *Patel*, 294 F.3d at 471.

this country, he argued, the crime of harboring an alien who was already in this country was not sufficiently "related to alien smuggling" for INA purposes. *Id.*

We rejected the argument. *Id.* at 470. We concluded that the crime *did* relate to alien smuggling, because "harboring an alien" required knowledge or reckless disregard of the fact that the alien "has come to, entered, or remains in the United States in violation of law." *Id.* at 473, n. 8. Likewise, Lemanski's conviction of "transporting an alien" incorporates that same element: knowledge or reckless disregard of the fact that the alien "has come to, entered, or remains in the United States in violation of law." *See* 8 U.S.C. § 1324(a)(1)(A)(ii). Accordingly, under *Patel*, Lemanski's conviction "relat[es] to alien smuggling." [5]

In addition, in *Patel*, we specifically concluded that the plain meaning of the statute—as revealed by conventional rules of grammatical structure—was that "the parenthetical, 'relating to alien smuggling' refers to 'paragraph (1)(A) or (2) of section 1324(a) of this title,' not 'offense,'" and that a contrary conclusion "would result in . . . a judicial amendment of the statute." 294 F.3d at 472 (citing *Monjaras-Castaneda*, 190 F.3d at 329). Indeed, we noted that the descriptive approach "is the only way to read" the provision. *Patel*, 294 F.3d at 473, n. 9.

Although Lemanski argues otherwise, we reiterated this view of the statute's plain meaning after, and in light of, the Supreme Court's decision in *Lopez*. In *Biskupski*, we held that the plain meaning of INA § 101(a)(43)(N) [8 U.S.C. § 1101(a)(43)(N)] is clear: "Congress

plainly and unambiguously included the offenses described in 8 U.S.C. § 1324(a)(1)(A) and (2) as part of the definition of 'aggravated felony' in § 1101(a)(43)(N)." *Biskupski*, 503 F.3d at 280. Other Courts of Appeals have reached the same conclusion. *See United States v. Salas-Mendoza*, 237 F.3d 1246, 1247 (10th Cir.2001); *Ruiz-Romero v. Reno*, 205 F.3d 837, 840 (5th Cir.2000).

Thus, we reject Lemanski's argument that the Supreme Court's decisions in *Lopez* and *Leocal* require us to overrule *Patel*, or that they compel us to accept the restrictive interpretation of the INA that Lemanski proposes. The plain meaning of the statute compels the conclusion that Lemanski was convicted of a crime "relating to alien smuggling" under INA § 101(a)(43)(N) [8 U.S.C. § 1101(a)(43)(N)].

### C.

 Finally, Lemanski argues that the "rule of lenity" should apply to his case. As we noted in *Patel*, this rule only applies where a criminal statute gives rise to grievous ambiguity or uncertainty. *See Patel*, 294 F.3d at 473, n. 9. This is simply not such a statute. "INA § 101(a)(43)(N) is not ambiguous or uncertain, let alone grievously so." *Id.* Accordingly, we will not apply the rule of lenity in this case.

### III. *Conclusion*

For the foregoing reasons, we will deny the petition for review.

---

5. We need not decide whether to accept Lemanski's proposed definition of "smuggling," which, he argues, requires transport over a border and does not include "acts preceding or subsequent to an at of smuggling." Even if we were to accept this view, it would not

bring his conviction outside the reach of the "aggravated felony" definition. Lemanski simply ignores the language of the statute, which goes beyond the act of "smuggling" to include crimes *"relating* to alien smuggling."