Oppedisano v. Holder

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

August Term, 2014

(Argued: October 1, 2014          Decided: October 8, 2014)

Docket No. 13-4351-ag

ROCCO OPPEDISANO,

*Petitioner*,

— v. —

ERIC H. HOLDER, JR., United States Attorney General,

*Respondent*.

B e f o r e:

PARKER, LYNCH, and CARNEY, *Circuit Judges*.

Petitioner Rocco Oppedisano seeks review of a decision of the Board of

Immigration Appeals concluding that his conviction for the unlawful possession

of ammunition under 18 U.S.C. § 922(g)(1) qualifies as a conviction for an

aggravated felony under 8 U.S.C. § 1101(a)(43)(E)(ii).  Because we hold that the

BIA's interpretation is a permissible construction of the Immigration and

Nationality Act, the petition for review is DENIED.

---

SHARI LAUREN ASTALOS (Brian Wolf and Kerry Bretz, *on the brief*), Bretz & Coven, LLP, New York, New York, *for Petitioner* Rocco Oppedisano.

RACHEL BROWNING, Trial Attorney (Stuart F. Delery, Assistant Attorney General and Blair O'Connor, Assistant Director, *on the brief*), United States Department of Justice, Washington, D.C., *for Respondent* Eric H. Holder, Jr., United States Attorney General.

---

GERARD E. LYNCH, *Circuit Judge*:

Rocco Oppedisano seeks review of a published order of the Board of

Immigration Appeals ("BIA") determining that his conviction for the unlawful

possession of ammunition under 18 U.S.C. § 922(g)(1) qualifies as an aggravated

felony under 8 U.S.C. § 1101(a)(43)(E)(ii).  Because the BIA's decision is a

permissible construction of the Immigration and Nationality Act ("INA") entitled to <u>Chevron</u> deference from this Court, we deny the petition for review.

## BACKGROUND

Rocco Oppedisano is a native and citizen of Italy who has lived in the United States as a lawful permanent resident since 1973. Over the past decades, he has amassed an extensive criminal record, including a felony conviction for attempted reckless endangerment in the first degree. On January 6, 2012, he was convicted in the United States District Court for the Eastern District of New York of the unlawful possession of ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1).[1] On December 14, 2012, the Department of Homeland Security commenced removal proceedings against Oppedisano under 8 U.S.C. § 237(a)(2)(A)(iii), charging him with removability as an alien convicted of an aggravated felony. As defined under the INA, an "aggravated felony" includes

---

[1] 18 U.S.C. § 922(g)(1) provides that it is "unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."

"an offense described in . . . section 922(g)(1) . . . of Title 18 (relating to firearms offenses)." 8 U.S.C. § 1101(a)(43)(E)(ii).

Before the Immigration Judge ("IJ") and the BIA, Oppedisano argued that his conviction for the unlawful possession of ammunition does not constitute an offense "relating to firearms." In a published, precedential decision, the BIA disagreed, holding that § 1101(a)(43)(E)(ii)'s "relating to" parenthetical was purely descriptive, merely alerting the reader to the nature of the enumerated offenses, rather than restrictive, classifying only a subset of the crimes defined in § 922(g)(1) as aggravated felonies. Consequently, the BIA concluded that possession of ammunition in violation of § 922(g)(1) was an aggravated felony that rendered Oppedisano removable under the INA.

## DISCUSSION

Although we generally review the BIA's legal conclusions de novo, we grant Chevron deference to the agency's constructions of the INA. Mei Juan Zheng v. Holder, 672 F.3d 178, 183 (2d Cir. 2012). Where the INA is either silent or ambiguous with respect to an issue, we defer to any reasonable interpretation adopted by the BIA. Id.; see also Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 843 (1984) ("[I]f the statute is silent or ambiguous with

4

respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute."). We consider the BIA's interpretation reasonable so long as it is not "arbitrary, capricious, or manifestly contrary to the statute." Adams v. Holder, 692 F.3d 91, 95 (2d Cir. 2012), quoting Chevron, 467 U.S. at 844. Even where we would reach an alternate interpretation de novo, we are "without authority to impose it if the agency's ruling is permissible." Xia Fan Huang v. Holder, 591 F.3d 124, 129 (2d Cir. 2010).

The INA does not define the phrase "relating to" as it is used in 8 U.S.C. § 1101(a)(43)(E)(ii), and the legislative history does not elucidate Congress's intent regarding the term. We must therefore consider whether the BIA's interpretation is a reasonable or permissible construction of the statutory language. Contrary to Oppedisano's claims, we find that the BIA's opinion provides numerous persuasive reasons for interpreting the "relating to firearms offenses" parenthetical as purely descriptive.

First, as the BIA observed, the "common sense" function of the "relating to" parenthetical in context of § 1101(a)(43)(E)(ii)'s extensive list of qualifying offenses is to alert readers to the nature of the otherwise anonymous section

numbers. Absent such descriptive hints, deducing whether any criminal offense falls under § 1101(a)(43)'s "litany of numbers" would "be a long and arduous process." United States v. Monjaras-Castaneda, 190 F.3d 326, 330 (5th Cir. 1999) (internal quotation marks omitted); see also United States v. Salas-Mendoza, 237 F.3d 1246, 1247 (10th Cir. 2001) ("[D]etermining whether an offense qualifies as an aggravated felony [absent parenthetical guides] would be a laborious process."). While Oppedisano claims that the BIA's interpretation renders the parenthetical gratuitous, descriptive parentheticals play an important function in statutory provisions like § 1101(a)(43), making the statutes more accessible to readers and protecting against scrivener's errors in transcribing their many enumerated offenses. See United States v. Galindo-Gallegos, 244 F.3d 728, 734, amended, 255 F.3d 1154 (9th Cir. 2001).

Based on the same reasoning, several Circuits have interpreted similar language in a neighboring provision of § 1101(a)(43) – 8 U.S.C. § 1101(a)(43)(N), "relating to alien smuggling" – as an "aid to identification only." Monjaras-Castaneda, 190 F.3d at 330 (internal quotation marks omitted); see also Castro-Espinosa v. Ashcroft, 257 F.3d 1130, 1132 (9th Cir. 2001); Salas-Mendoza, 237 F.3d at 1247-48. That interpretation echoes the consistent practice of federal

6

courts interpreting "relating to" parentheticals in lists of predicate offenses outside the context of the INA.  See, e.g., United States v. Abdur-Rahman, 708 F.3d 98, 100 (2d Cir. 2013) (Identity Theft Penalty Enhancement Act); United States v. Harrell, 637 F.3d 1008, 1009 (9th Cir. 2011) (same);  United States v. Garner, 837 F.2d 1404, 1419 (7th Cir. 1987) (Racketeer Influenced and Corrupt Organizations Act); United States v. Herring, 602 F.2d 1220, 1223 (5th Cir. 1979) (same); United States v. Kassouf, 144 F.3d 952, 959 (6th Cir. 1998) (Internal Revenue Code); United States v. Workinger, 90 F.3d 1409, 1414 (9th Cir. 1996) (same).

Dismissing such decisions, Oppedisano insists that the "relating to firearms offenses" parenthetical in § 1101(a)(43)(E)(ii) must be analyzed independently as a distinct statutory provision.  Yet the specific context of § 1101(a)(43)(E) provides all the more reason for a descriptive interpretation.  The list of aggravated felonies in § 1101(a)(43)(E)(ii) is immediately followed by a provision listing as an aggravated felony any "offense described in . . . section 5861 of Title 26 (relating to firearms offenses)."  8 U.S.C. § 1101(a)(43)(E)(iii).  Unlike the crimes covered by 18 U.S.C. § 922(g), which include transactions involving both "firearms" and "ammunition," the numerous criminal offenses

7

covered by 26 U.S.C. § 5861 all deal exclusively with "firearms." <u>See</u>, <u>e.g.</u>, 26

U.S.C. § 5861(a) ("to engage in business as a manufacturer or importer of, or

dealer in, firearms"); <u>id</u>. § 5861(b) ("to receive or possess a firearm"). Thus, the

"relating to firearms offenses" parenthetical in § 1101(a)(43)(E)(iii) can only

function as a descriptive aid. Applying a restrictive reading in

§ 1101(a)(43)(E)(ii) would accordingly require us to attribute different meanings

to the term "relating to" within two consecutive provisions of § 1101(a)(43)(E).

Courts do "not lightly infer that Congress intended the [same] term to have

wholly different meanings in neighboring subsections." <u>Sedima, S.P.R.L. v.</u>

<u>Imrex Co.</u>, 473 U.S. 479, 489 (1985).

Furthermore, as the BIA again noted, subsequent provisions in

§ 1101(a)(43)'s list of aggravated felonies demonstrate that Congress typically

relies on explicitly restrictive parentheticals to limit the scope of enumerated

crimes in § 1101(a)(43). For example, § 1101(a)(43)(F) lists as an aggravated

felony "a crime of violence (as defined in section 16 of title 18, *but not including* a

purely political offense)." 8 U.S.C. § 1101(a)(43)(F) (emphasis added). Similarly,

§ 1101(a)(43)(J) extends the definition to "an offense described in section 1084 [of

Title 18] (*if it is* a second or subsequent offense)." 8 U.S.C. § 1101(a)(43)(J)

(emphasis added).   Because these other provisions take "a perfectly clear approach to articulate a limiting rather than descriptive parenthetical," they counsel against reading any implicit limitations into § 1101(a)(43)(E)(ii)'s ambiguous language.  Galindo-Gallegos, 244 F.3d at 734; see also Salas-Mendoza, 237 F.3d at 1248 ("Congress has demonstrated its ability to exclude some specific offenses from those listed in the more general sections . . . .").

While Oppedisano raises several additional arguments to support his preferred construction of § 1101(a)(43)(E)(ii), none of them renders the BIA's interpretation unreasonable.  First, Oppedisano argues that the BIA's construction conflicts with our opinion in Evangelista v. Ashcroft, 359 F.3d 145 (2d Cir. 2004).  In Evangelista, we stated that we were "not entirely comfortable" with the approach taken by other courts that had applied a descriptive interpretation to the parenthetical in 8 U.S.C. § 1101(a)(43)(M)(ii), "(relating to tax evasion)."  Evangelista, 359 F.3d at 152.  The BIA considered our decision in Evangelista, but decided – it appears to us, correctly – that the quoted language was dictum.  Our actual holding in that case – that the "defeat" of a tax under 26 U.S.C. § 7201 is "at least related" to tax evasion and thus constitutes an aggravated felony even if the parenthetical is treated as restrictive, id. at 151

9

(internal quotation marks and alterations omitted) – is consistent with the BIA's ruling in this case. In fact, it arguably supports the BIA's additional reasoning that ammunition is so "integrally associated" with firearms that Congress could rationally describe its unlawful possession as a crime "relating to firearms offenses."

Second, Oppedisano points to § 1101(a)(43)(E)(i) as alleged proof that Congress relies on "relating to" parentheticals to limit an "aggravated felony" to only some categories of crimes listed in § 1101(a)(43). This subsection extends the definition of an aggravated felony to any offense described in "section 842(h) or (i) . . . or section 844(d), (e), (f), (g), (h), or (i) of [Title 18] (relating to explosive materials offenses)." 8 U.S.C. § 1101(a)(43)(E)(i). Because 18 U.S.C. § 844 covers offenses involving both "explosive materials" and "fire," see, e.g., 18 U.S.C. § 844(i) (penalizing the destruction of property "by means of fire or an explosive"), Oppedisano assumes that the parenthetical functions to exclude criminal conduct involving fire alone. Yet he points to no cases or legal authorities that draw this distinction. His argument therefore simply begs as to

10

§ 1101(a)(43)(E)(i) the very question posed in this case with respect to

§ 1101(a)(43)(E)(ii).[2]

Third, Oppedisano notes that Congress does not mention ammunition in

its references to "firearms" offenses in other sections of the INA. These sections

include 8 U.S.C. § 1101(a)(43)(C), which extends the definition of an aggravated

felony to the "illicit trafficking in firearms or destructive devices," and 8 U.S.C.

§ 1227(a)(2)(C), which renders deportable an alien guilty of a crime involving

"any weapon, part or accessory which is a firearm or destructive device."[3]

---

[2] In fact, this Court has recently held that a New York state conviction for attempted arson under a statute encompassing damage caused by "starting a fire or causing an explosion," see N.Y. Penal Law § 150.10(1), constitutes an aggravated felony under § 1101(a)(43)(E)(i) as "an "offense described in" 18 U.S.C. § 844(i). Torres v. Holder, No. 13-2498, 2014 WL 4085865, at *2 (2d Cir. Aug. 20, 2014). Because the categorical approach precludes this Court from considering the facts underlying a defendant's conviction in assessing whether his state conviction qualifies as an "aggravated felony" under the INA, Gertsenshteyn v. U.S. Dep't of Justice, 544 F.3d 137, 143 (2d Cir. 2008), the holding in Torres necessarily presumes that arson involving the use of fire would constitute "an offense described in" § 844(i) for the purposes of § 1101(a)(43)(E)(i). See also Bautista v. Att'y Gen. of U.S., 744 F.3d 54, 60, 61 (3d Cir. 2014) (assuming attempted arson conviction would satisfy § 1101(a)(43)(E)(i) given jurisdictional element).

[3] Both of these sections define "firearm" with reference to 18 U.S.C. § 921(a)(3), which provides that the "term 'firearm' means (A) any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; (B) the frame or receiver of any

11

We are not convinced that Congress intended the "firearms" offenses in these sections to be coextensive with § 1101(a)(43)(E)(ii).  Indeed, the fact that the INA's definition of an "aggravated felony" includes both § 1101(a)(43)(C) and § 1101(a)(43)(E)(ii) suggests that these subsections cover different swaths of criminal activity.  Similarly,  § 1227(a)(2) lists the commission of a crime described in  § 1227(a)(2)(C) and the commission of an "aggravated felony" as two separate grounds for deportation.  See 8 U.S.C. § 1227(a)(2)(A)(iii).  That Congress broadly designated certain offenses involving "firearms" as aggravated felonies or deportable offenses under § 1101(a)(43)(C) and § 1227(a)(2)(C) does not conflict with its choice to select additional, specifically enumerated statutory provisions as "aggravated felonies" under § 1101(a)(43)(E)(ii).  The BIA's failure to address this argument does not render its otherwise carefully reasoned judgment arbitrary or capricious.

Finally, Oppedisano claims that the rule of lenity binds us to interpret § 1101(a)(43)(E)(ii) narrowly in his favor.  Recognizing that deportation often makes for a harsh punishment, the rule of lenity demands that courts resolve

---

such weapon; (C) any firearm muffler or firearm silencer; or (D) any destructive device.  Such term does not include an antique firearm."  Id.

"lingering ambiguities in deportation statutes . . . in favor of the alien." Ruiz-Almanzar v. Ridge, 485 F.3d 193, 198 (2d Cir. 2007) (internal quotation marks omitted). Yet the doctrine is a "rule of last resort," to be invoked only when the ordinary canons of statutory interpretation fail to resolve a statute's meaning and the BIA has offered no permissible construction. Adams, 692 F.3d at 107. It therefore does not trump Chevron's requirement of deference to reasonable interpretations by administrative agencies of statutes for which they are responsible. Applying the principle whenever a petitioner demonstrates an ambiguity in the INA would undermine the BIA's authority to interpret ambiguous statutes, "supplant[ing] the application of Chevron in the immigration context." Ruiz-Almanzar, 485 F.3d at 198. Because the BIA has offered a reasonable interpretation of § 1101(a)(43)(E)(ii), the rule of lenity has no application in this case.

In sum, the BIA's descriptive reading of § 1101(a)(43)(E)(ii) is eminently reasonable, harmonizing with the broader structure of the § 1101(a)(43) and extensive judicial precedent. Without needing to decide how we would resolve the issue de novo, we conclude that the BIA's ruling is a permissible construction entitled to Chevron deference from this Court.

## CONCLUSION

For the foregoing reasons, the petition for review is **DENIED**.

13