## In the
## United States Court of Appeals
### For the Seventh Circuit

No. 11-1622

RACHID GOURCHE,

*Petitioner*,

*v.*

ERIC H. HOLDER, JR., Attorney General
of the United States,

*Respondent.*

Petition for Review of an Order of the
Board of Immigration Appeals.
No. A077-575-211

ARGUED SEPTEMBER 21, 2011—DECIDED NOVEMBER 9, 2011

Before EASTERBROOK, *Chief Judge*, and TINDER and
HAMILTON, *Circuit Judges.*

HAMILTON, *Circuit Judge.* Rachid Gourche, an alien who
has been ordered removed from the United States, peti-
tions for review of an order of the Board of Immigration
Appeals ordering his removal. We hold that petitioner
is removable as charged based on his prior criminal

conviction for conspiring to submit false immigration documents. We therefore deny the petition.

I. *Factual and Procedural Background*

Petitioner Gourche is a native and citizen of Morocco who entered the United States as a visitor in 1998. On November 7, 1998, Gourche married a United States citizen and later adjusted his status to that of a lawful permanent resident on a conditional basis. Gourche then filed an I-751 petition to remove the conditions on his residency. He falsely represented that he and his wife were living together when in fact they were not. The false I-751 petition was granted on June 10, 2002. The original falsehood came to light several years later, and in 2006, Gourche pled guilty to conspiracy to commit application fraud stemming from his false representation on his I-751 petition. He was convicted under 18 U.S.C. § 371 (the general conspiracy statute) for conspiring to violate 18 U.S.C. § 1546(a) (fraud in immigration documents). In January 2007, Gourche was served with a notice to appear in removal proceedings.[1]

After a hearing, an immigration judge found that Gourche was removable under both 8 U.S.C. § 1227(a)(3)(B)(iii), as a result of his conviction for conspiracy to violate § 1546, and 8 U.S.C. § 1227(a)(1)(A),

---

[1] At some point Gourche and his first wife divorced. On March 17, 2007, Gourche married another United States citizen to whom he remains married.

because his fraud was committed at the time he adjusted his status. The immigration judge also denied Gourche's petition for waiver under 8 U.S.C. § 1227(a)(1)(H) on the grounds that (1) the waiver does not apply to fraud at the time of adjustment of status; (2) the waiver provision cannot waive removability under 8 U.S.C. § 1227(a)(3)(B)(iii); and (3) Gourche had failed to show that he was "otherwise admissible" to the United States.

Gourche appealed the immigration judge's decision to the Board of Immigration Appeals. The Board dismissed the appeal on the grounds that (1) Gourche is removable under 8 U.S.C. § 1227(a)(3)(B)(iii) as a result of his § 1546 conspiracy conviction; and (2) Gourche is not eligible for waiver under 8 U.S.C. § 1227(a)(1)(H) because that provision waives grounds of removability only under paragraph (a)(1) of § 1227, and Gourche is removable under paragraph (a)(3). The Board also noted that removability under § 1227(a)(3)(B)(iii) is not based on the grounds of inadmissibility directly resulting from fraud, but is instead an independent ground of deportability tied to the existence of a conviction. Because the Board found Gourche removable under 8 U.S.C. § 1227(a)(3)(B)(iii) and not eligible for waiver, it did not reach the other grounds on which he challenged the immigration judge's decision.

Gourche seeks review of the Board's decision. He argues first that he is not deportable because only a subset of violations of 18 U.S.C. § 1546 (and attempts and conspiracies) qualifies for deportability under § 1227(a)(3)(B)(iii), and his conviction does not fall

into that subset. He argues second that he is eligible for a discretionary waiver of deportability under § 1227(a)(1)(H). This court has jurisdiction to review a final order of removal under 8 U.S.C. § 1252(a). We review the Board's legal finding de novo, but we defer to the Board's reasonable interpretation of the statutes it administers, when "the intent of Congress with respect to the matter at issue is not clear." *Borca v. INS*, 77 F.3d 210, 214 (7th Cir. 1996); see also *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842-45 (1984).[2]

II. *Removability Under 8 U.S.C. § 1227(a)(3)(B)(iii)*

  8 U.S.C. § 1227 defines classes of deportable aliens. The provision at the center of this case — 8 U.S.C. § 1227(a)(3)(B)(iii) reads in relevant part: "Any alien who at any time has been convicted — of a violation of, or an attempt or a conspiracy to violate, section 1546 of title 18 (relating to fraud and misuse of visas, permits, and other entry documents), is deportable." Gourche was convicted of conspiracy to violate § 1546, so he is deportable.

---

[2] Because we affirm the Board's findings that Gourche is removable under 8 U.S.C. § 1227(a)(3)(B)(iii), as a result of his conspiracy conviction, and that ground of removability is ineligible for waiver under 8 U.S.C. § 1227(a)(1)(H), we, like the Board, do not reach the immigration judge's decision that Gourche is removable under 8 U.S.C. § 1227(a)(1)(A) and that he cannot use 8 U.S.C. § 1227(a)(1)(H) to waive the underlying fraud.

To avoid this straightforward result, Gourche argues that the parenthetical phrase appearing after "section 1546 of title 18" is "self-limiting," that is, that the universe of § 1546 convictions that qualify for removal under § 1227(a)(3)(B)(iii) is narrower than the universe of all § 1546 convictions. This argument is based on the reference in the parenthetical to "other *entry* documents" (emphasis added), where the title and content of § 1546 cover fraud and misuse of a broader category of immigration documents. Gourche argues that the I-751 form (the form on which he falsely stated he and his wife were living together) is an immigration form but is not a "visa, permit, or other entry document," so his conviction for conspiracy to violate § 1546 does not make him removable under § 1227(a)(3)(B)(iii). In other words, he argues that the parenthetical phrase in § 1227(a)(3)(B)(iii) is limiting as opposed to merely descriptive. We disagree.

In ascertaining the meaning of a statute, we look to the language and the structure of the statutory provisions. *Barma v. Holder*, 640 F.3d 749, 751 (7th Cir. 2011); *United States v. Webber*, 536 F.3d 584, 593 (7th Cir. 2008). In this case, both the language of the parenthetical phrase and the structure of the provision demonstrate that Congress intended only to provide a convenient shorthand description of § 1546 (prohibiting fraud and misuse of visas, permits, and other documents) rather than to limit the class of aliens deportable under § 1227(a)(3)(B)(iii).

Another provision of the Immigration and Naturalization Act, similar in structure to § 1227, illustrates the

difference between descriptive and limiting paren-
theticals. Section 1101(a)(43) defines an "aggravated
felony," another removable offense, in large part by
referring to offenses that appear elsewhere in the U.S.
Code. See 8 U.S.C. § 1101(a)(43) (defining "aggravated
felony"). Many of those statutory references are fol-
lowed by parentheticals that use the phrase "relating to,"
describing the subject matter of the cited statute. See,
*e.g.,* 8 U.S.C. § 1101(a)(43)(D), (E), (H), (I), (J), (K), (L), (M),
(P). These descriptive parentheticals are different from
other subparagraphs of the aggravated felony defini-
tion that use parentheticals explicitly to limit those
offenses that may constitute an aggravated felony. See,
*e.g.,* 8 U.S.C. § 1101(a)(43)(F) ("a crime of violence (as
defined in section 16 of title 18, *but not including* a
purely political offense) for which the term of imprison-
ment [is] at least one year") (emphasis added); 8 U.S.C.
§ 1101(a)(43)(J) ("an offense described in section 1084
(*if* it is a second or subsequent offense)") (emphasis
added); 8 U.S.C. § 1101(a)(43)(N) ("an offense described
in paragraph (1)(A) or (2) of section 1324(a) of this title
(relating to alien smuggling), *except* in the case of a first
offense") (emphasis added).

   Based on these differences in language, other circuits
have decided the "relating to" parentheticals are descrip-
tive, not limiting. See *Patel v. Ashcroft*, 294 F.3d 465, 470-
71 (3d Cir. 2002), *superseded on other grounds by statute*,
REAL ID Act of 2005, Pub. L. No. 109-13, div. B, § 106, 119
Stat. 231; *United States v. Galindo-Gallegos*, 244 F.3d 728, 733-
34 (9th Cir. 2001) (as amended); *United States v. Salas-
Mendoza*, 237 F.3d 1246, 1247-48 (10th Cir. 2001); *United*

*States v. Monjaras-Castaneda*, 190 F.3d 326, 330-31 (5th Cir. 1999). But see *Evangelista v. Ashcroft*, 359 F.3d 145, 152 (2d Cir. 2004) (declining to apply the Fifth Circuit's approach in *Monjaras-Castaneda* to analysis of 8 U.S.C. § 1101(a)(43)(M)(ii)).

Like the subparagraphs of § 1101(a)(43)'s definition of "aggravated felony," § 1227(a)(3)(B)(iii) defines a class of deportable aliens by referring to offenses that appear elsewhere in the U.S. Code. As in those subparagraphs, § 1227(a)(3)(B)(iii)'s reference to § 1546 is followed by a "relating to" parenthetical that describes the subject matter of the statute referenced. Unlike "but not including," "if," or "except," the phrase "relating to" is not restrictive or conditional language. The "relating to" parenthetical merely provides a convenient cue to a reader who might not instantly grasp the meaning of the numerical reference.

The absence of limiting language in the parenthetical description of § 1546 shows that Congress intended the parenthetical as a descriptive shorthand, a way to signal a reader about the content of a statute outside the Immigration and Naturalization Act, rather than as a limiting clause that would restrict the universe of § 1546 fraud and misuse convictions that make an alien deportable under § 1227(a)(3)(B)(iii). In addition, Gourche has not suggested, and we have not been able even to imagine, a reason why Congress would have (a) wanted to draw a line for purposes of deportability between fraud in immigration documents presented at the time of entry and fraud in other immigration docu-

ments, or (b) chosen to draw such a line with such oblique language. Because Gourche was convicted of conspiracy to violate 18 U.S.C. § 1546, the Board did not err in finding him removable under 8 U.S.C. § 1227(a)(3)(B)(iii).

III. *Eligibility for Waiver Under 8 U.S.C. § 1227(a)(1)(H)*

Some deportable aliens are eligible for a discretionary waiver of the grounds on which they are removable. Section 1227(a)(1)(H) permits the Attorney General to waive removal for aliens who were inadmissible at the time of admission as described in § 1182(a)(6)(C)(i)[3] where (1) the alien is the spouse of a U.S. citizen and (2) had a visa or equivalent document and (3) was otherwise admissible at the time of admission. Petitioner Gourche argues that he falls within the ambit of § 1182(a)(6)(C)(i) because his misrepresentation on Form I-751 allowed him to adjust his status based on his first marriage, and adjustment of status is an admission. His second, legitimate marriage makes him the spouse of a U.S. citizen, and he possessed a conditional residency card, which he argues is equivalent to a visa. Because he fits the elements of § 1227(a)(1)(H)'s waiver provision and § 1182(a)(6)(C)(i)'s definition of an alien who was

---

[3] "Any alien who, by fraud or willfully misrepresenting a material fact, seeks to procure (or has sought to procure or has procured) a visa, other documentation, or admission into the United States or other benefit provided under this chapter is inadmissible."

inadmissible at the time of admission, his argument continues, his second, legitimate marriage makes him eligible for a waiver of the underlying fraud.

Even assuming for the sake of argument that Gourche is eligible under § 1227(a)(1) for a waiver of the underlying fraud, that eligibility is not relevant to his removability under 8 U.S.C. § 1227(a)(3)(B)(iii), which is based on his conviction for conspiracy to violate 18 U.S.C. § 1546 (fraud or misuse of visas, permits, and other documents). Section 1227(a)(3)(B)(iii) defines a ground of removability that is legally distinct from the grounds for removal contained in paragraph (a)(1) (alien inadmissible at time of entry or of adjustment of status or violates status). Gourche's eligibility for a § 1227(a)(1)(H) waiver depends not on whether a § 1227(a)(1)(H) waiver can waive the fraud but on whether a § 1227(a)(1)(H) waiver can waive removability based on § 1227(a)(3)(B)(iii) (making deportable alien convicted of a violation of, or an attempt or a conspiracy to violate, 18 U.S.C. § 1546).

The key phrase here is "provisions of this paragraph" in § 1227(a)(1)(H). As noted, in determining the meaning of a statute, we start first with the text and structure of that statute. *E.g.*, *Ortega v. Holder*, 592 F.3d 738, 743 (7th Cir. 2010). As the Supreme Court has recognized, in subdividing statutory sections, "Congress ordinarily adheres to a hierarchical scheme" set forth in drafting manuals prepared by the legislative counsel's offices in the House and the Senate. *Koons Buick Pontiac GMC, Inc. v. Nigh*, 543 U.S. 50, 60 (2004). The House and Senate manuals both provide for subsections (beginning with

small letters), paragraphs (beginning with arabic numbers), subparagraphs (beginning with capital letters), and clauses (beginning with romanette numerals). *Id.* at 60-61.

Section 1227, which defines classes of deportable aliens, follows this hierarchical scheme with its division into subsections, paragraphs, subparagraphs, and clauses. Taking into consideration the hierarchical scheme used by Congress in drafting § 1227's classification of deportable aliens, as well as the language and structure of § 1227, it is clear that the phrase "this paragraph" in subparagraph (H)'s waiver provision refers only to paragraph (1) of subsection (a). There is no language in subparagraph (H)'s waiver provision indicating that the phrase "this paragraph" refers to a paragraph other than (a)(1), in which subparagraph (H) appears. Nor is there any indication that the singular phrase "this paragraph" encompasses any paragraph in addition to paragraph (a)(1).

Because a conviction for conspiracy to violate 18 U.S.C. § 1546 is grounds for removal under paragraph (3) of 8 U.S.C. § 1227(a), and not under paragraph (1), petitioner Gourche is ineligible for a § 1227(a)(1)(H) waiver.

Accordingly, the petition for review is DENIED.