[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12595
Non-Argument Calendar
_____

Agency No. A077-121-790


GUO XING SONG,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(April 16, 2013)

Before HULL, WILSON and JORDAN, Circuit Judges.

PER CURIAM:

Guo Xing Song seeks review of the Department of Homeland Security's (DHS) Final Administrative Removal Order (FARO) issued pursuant to the Immigration and Nationality Act (INA), 8 U.S.C. § 1228(b).  Song presents four arguments on appeal.  First, Song argues that DHS erred in issuing the FARO against him because his conviction under 8 U.S.C. § 1324(a)(1)(A)(iv) did not involve alien smuggling and was therefore not an aggravated felony as defined by 8 U.S.C. § 1101(a)(43)(N).  Next, Song argues that it was improper for DHS to commence expedited removal proceedings against him because he had a pending adjustment of status application.  Third, Song argues that DHS violated his due process rights by not complying with 8 C.F.R. § 238.1(c)(1), which requires DHS to provide an alien with a copy of the government's evidence against him if the alien requested it, and which allows the alien ten days following the service of the evidence to file a final response.  Lastly, Song challenges his continued detention, asserting that he was detained in excess of the allowed removal period in retaliation for seeking withholding of removal.  After reviewing the record and parties' briefs, we affirm.

## I.

Our jurisdiction to review orders of removal is limited by the INA, which provides that "no court shall have jurisdiction to review any final order of removal

2

against an alien who is removable by reason of having committed a criminal offense covered in [8 U.S.C. § 1227(a)(2)(A)(iii)]."  8 U.S.C. § 1252(a)(2)(C).  We retain jurisdiction, however, over "constitutional claims or questions of law raised upon a petition for review."  8 U.S.C. § 1252(a)(2)(D).  The question of whether a petitioner's conviction constitutes an "aggravated felony" within the meaning of the INA is a question of law that falls within our jurisdiction.  *See Balogun v. U.S. Att'y Gen.*, 425 F.3d 1356, 1360 (11th Cir. 2005).

Song first argues that DHS erred in issuing the FARO against him because his conviction was not an aggravated felony as it did not involve alien smuggling. We review de novo whether a prior conviction qualifies as an aggravated felony. *Accardo v. U.S. Att'y Gen.*, 634 F.3d 1333, 1335 (11th Cir. 2011).  The INA provides that "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable."  8 U.S.C. § 1227(a)(2)(A)(iii).  The INA specifically defines an "aggravated felony" to include

> an offense described in paragraph (1)(A) or (2) of [8 U.S.C. § 1324(a)] . . . (relating to alien smuggling), except in the case of a first offense for which the alien has affirmatively shown that the alien committed the offense for the purpose of assisting, abetting, or aiding only the alien's spouse, child, or parent (and no other individual) to violate a provision of this chapter.

3

8 U.S.C. § 1101(a)(43)(N).  The INA also defines an "aggravated felony" to include "an attempt or conspiracy to commit an offense described in this paragraph."  8 U.S.C. § 1101(a)(43)(U).

Song was convicted pursuant to a guilty plea in federal court for conspiracy to encourage and induce aliens to reside in the United States, in violation of 8 U.S.C. §1324(a)(1)(A)(iv) [1] and 18 U.S.C. § 371, and aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1) and (b)(2).  The indictment reflected that Song and four other conspirators produced false Georgia driver's licenses and issued them to people who did not qualify for them under Georgia law in order to encourage and induce the aliens to reside in the United States.

Song argues that his conviction is not an aggravated felony because it did not relate to "alien smuggling."  We disagree.  The inclusion of the "relating to alien smuggling" parenthetical within INA § 101(a)(43)(N) acts to encompass all of the offenses described in 8 U.S.C. § 1324(a)(1)(A) and (2); it is not designed to limit the offenses deemed aggravating felonies under this section.  *See Patel v. Ashcroft*, 294 F.3d 465, 470–71 (3d Cir. 2002) (finding that "relating to alien smuggling" was "nothing more than a shorthand description of all of the offenses listed in INA § 274(a)(1)(A)"), *superseded by statute on other grounds*, REAL ID

---

[1] One violates § 1324(a)(1)(A)(iv) when one "encourages or induces an alien to come to, enter, or reside in the United States, knowing or in reckless disregard of the fact that such coming to, entry, or residence is or will be in violation of law."  8 U.S.C. § 1324(a)(1)(A)(iv).

4

Act of 2005, Pub. L. No. 109-13, div. B, § 106, 119 Stat. 231; *United States v. Galindo-Gallegos*, 244 F.3d 728, 733–34 (9th Cir. 2001) (concluding that the "aggravated felony provision has to include transporting aliens who are already in the United States"); *United States v. Salas-Mendoza*, 237 F.3d 1246, 1247–48 (10th Cir. 2001) (holding that crime of transporting aliens is an aggravated felony); *United States v. Monjaras-Castaneda*, 190 F.3d 326, 330–31 (5th Cir. 1999) (finding that "[t]he phrase 'relating to alien smuggling' does describe the offenses in § 1324(a). All involve the transportation, movement, and hiding of aliens into and within the United States"). It is clear that alien smuggling is not limited solely to actually bringing, or attempting to bring, an alien into the United States. DHS did not err when it concluded that Song's conviction for conspiring to encourage and induce aliens to reside in the United States constituted an aggravated felony.

Additionally, the limited exception to when a conviction pursuant to 8 U.S.C. § 1324(a)(1)(A) is an aggravated felony is inapplicable to Song because his criminal indictment contains no indication that Song's conviction involved assisting, abetting, or aiding his spouse, child, or parent. Accordingly, we deny the petition as to this issue.

5

II.

To the extent that Song challenges DHS's decision to commence expedited removal proceedings against him, we lack jurisdiction to review this claim. *See* 8 U.S.C. § 1252(g). Nevertheless, to the extent that Song raises a legal question regarding whether DHS had the authority to commence expedited removal proceedings against him, we have jurisdiction to review this claim. *See* 8 U.S.C. § 1252(a)(2)(D).

DHS did not err in commencing expedited removal proceedings while Song's adjustment of status application was pending. There is nothing in the statute or regulation to suggest that DHS cannot commence expedited removal proceedings while an alien has a pending application for relief. Song cites to *Fonseca-Sanchez v. Gonzales*, 484 F.3d 439, 444 (7th Cir. 2007), which noted that DHS "ha[s] the authority" to stay proceedings or decline to issue a FARO because of a pending application. That case, however, does not bind us. More importantly, however, *Fonseca-Sanchez* in no way mandates that DHS stay proceedings or decline to issue a FARO because of a pending application; the case merely states that, in its discretion, DHS may stay removal proceedings. *Id.* at 444. As such, we deny Song's petition as to this issue.

6

III.

Song next argues that DHS violated his due process rights by not complying with 8 C.F.R. § 238.1(c)(1), which requires DHS to provide an alien with a copy of the government's evidence against him if the alien requested it, and which allows the alien ten days following the service of the evidence to file a final response. We have jurisdiction over Song's due process claim. *See* 8 U.S.C. § 1252(a)(2)(D). We review constitutional challenges de novo. *Lonyem v. U.S. Att'y Gen.*, 352 F.3d 1338, 1341 (11th Cir. 2003) (per curiam).

Aliens are entitled to due process of law in deportation hearings, which is satisfied only by a full and fair hearing. *Ibrahim v. U.S. INS*, 821 F.2d 1547, 1550 (11th Cir. 1987). To establish due process violations in removal proceedings, an alien must show that he was deprived of liberty without due process of law, and that the asserted errors caused him substantial prejudice. *Lonyem*, 352 F.3d at 1341–42. "To show substantial prejudice, an alien must demonstrate that, in the absence of the alleged violations, the outcome of the proceeding would have been different." *Lapaix v. U.S. Att'y Gen.*, 605 F.3d 1138, 1143 (11th Cir. 2010) (per curiam).

The notice of intent is required to advise the alien that he has a right to inspect the evidence in support thereof and to rebut the charges against him. 8

7

C.F.R. § 238.1(b)(2)(i).  The alien has ten calendar days from the service of the notice of intent to file a response.  *Id.* § 238.1(c)(1).  In the alien's response, he can rebut the allegations supporting the charge and/or request the opportunity to review the government's evidence.  *Id.*  If the alien requests to review the evidence, DHS must provide the alien with a copy of the evidence in the record.  *Id.* § 238.1(c)(2)(ii).  The alien then has ten calendar days after the service of the evidence to provide a final response to the notice of intent.  *Id.*

Here, because DHS provided Song with a copy of the evidence less than ten days prior to the issuance of the FARO, Song was prevented from filing a final response to the notice of intent before the issuance of the FARO as permitted by the regulations.  *See* 8 C.F.R. § 238.1(c)(2)(ii).  However, Song has failed to establish that DHS's non-compliance with the regulations violated his due process rights because he cannot show substantial prejudice.  *See Lonyem*, 352 F.3d at 1341–42.  The record reflects that even without a copy of the evidence, Song was still able to file an initial response to the notice of intent, where he argued that his 8 U.S.C. § 1324(a)(1)(A)(iv) conviction was not an aggravated felony.  Moreover, Song cannot show that the outcome of his proceedings would have been different—his conviction still stands as an aggravated felony.  Song fails to explain how having more time to respond would have changed his status as an aggravated

8

felon. *See Lapaix*, 605 F.3d at 1143. Accordingly, we deny Song's petition as to this issue.

IV.

Lastly, Song challenges his continued detention, asserting that he was detained in excess of the allowed removal period in retaliation for seeking withholding of removal. The government argues that Song's petition for review is not the proper method for Song to challenge his detention. According to the government, the proper method for challenging detention is to file a petition for a writ of habeas corpus.

The INA provides that the filing of a petition for review in the court of appeals, rather than a 28 U.S.C. § 2241 habeas corpus petition, is "the sole and exclusive means for judicial review of an order of removal." 8 U.S.C. § 1252(a)(5). Furthermore, the INA states that no court shall have jurisdiction under § 2241 to review questions of law or fact that arise "from any action taken or proceeding brought to remove an alien from the United States." 8 U.S.C. § 1252(b)(9). Nevertheless, so long as an alien does not challenge a final order of removal, district courts retain jurisdiction under § 2241 to review habeas petitions, including challenges to an alien's detention. *Madu v. U.S. Att'y Gen.*, 470 F.3d 1362, 1366–68 (11th Cir. 2006). However, if the alien challenges both his removal

9

order and his continued detention, we have jurisdiction to review the alien's challenge to his continued detention. *See id.* at 1366–67. Accordingly, because Song is challenging both his removal order and his continued detention, we can review Song's challenge to his continued detention. *See id.*

Following a final order of removal, "the Attorney General shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A). This 90-day period is known as the "removal period." *Id*. Generally, an alien is held in custody during the removal period. *Zadvydas v. Davis,* 533 U.S. 678, 682, 121 S. Ct. 2491, 2494 (2001). An alien who is removable for an aggravated felony conviction is subject to further detention beyond the removal period. 8 U.S.C. § 1231(a)(6).

Song's challenge to his continued detention is premature. Song is removable based on his aggravated felony conviction, thus he can be detained for at least six months. *See Zadvydas*, 533 U.S. at 701, 121 S. Ct. at 2505 (concluding that six months was a presumptively reasonable period of time to allow the government to remove an alien). The six-month period includes the 90-day removal period and the 90 days thereafter. *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) (per curiam). The six-month period is tolled, however, if the alien acts to prevent his removal. *See id*. at 1052 n.4. For an alien to state a claim

10

under *Zadvydas*, he "not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id*. at 1052.

In the current matter, at the time Song filed his petition for review and his appellate brief he had not been detained in excess of six months following the FARO's issuance.   Accordingly, we deny Song's petition for review as to this issue.

**PETITION DENIED.**

11