# Matter of Rocco OPPEDISANO, Respondent

*Decided October 25, 2013*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

The offense of unlawful possession of ammunition by a convicted felon in violation of 18 U.S.C. § 922(g) (2006) is an aggravated felony under section 101(a)(43)(E)(ii) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43)(E)(ii) (2012).

FOR RESPONDENT: Shari L. Astalos, Esquire, New York, New York

FOR THE DEPARTMENT OF HOMELAND SECURITY: Timothy Maguire, Senior Attorney

BEFORE: Board Panel: PAULEY, GUENDELSBERGER, and MALPHRUS, Board Members.

PAULEY, Board Member:

In a decision dated March 18, 2013, an Immigration Judge found the respondent removable under section 237(a)(2)(A)(iii) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(A)(iii) (2006), as an alien convicted of an aggravated felony under section 101(a)(43)(E)(ii) of the Act, 8 U.S.C. § 1101(a)(43)(E)(ii) (2006). She therefore denied his motion to terminate the proceedings and ordered him removed from the United States. The respondent has appealed from that decision. The Department of Homeland Security has filed a brief in opposition to the appeal. The appeal will be dismissed.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of Italy who was admitted to the United States as a lawful permanent resident on September 9, 1973. He was convicted on January 6, 2012, in the United States District Court for the Eastern District of New York, of unlawful possession of ammunition by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2)

(2006).[1] The respondent was sentenced to a term of probation for 5 years and was fined $15,000.

The Immigration Judge determined that the respondent's conviction for unlawful possession of ammunition in violation of 18 U.S.C. § 922(g) is for an aggravated felony under the Act. The respondent contends that the Immigration Judge erred in reaching this conclusion without making an independent analysis of section 101(a)(43)(E)(ii) of the Act and that she deprived him of due process because she gave no rational explanation for her decision. The respondent also argues that the Immigration Judge erred in not applying the rule of lenity in interpreting the statute.

## II. ANALYSIS

Under section 101(a)(43)(E)(ii) of the Act, the definition of an "aggravated felony" includes an offense described in "section 922(g)(1) . . . of title 18, United States Code (relating to firearms offenses)." The respondent contends that the parenthetical "relating to firearms offenses" in section 101(a)(43)(E)(ii) is a limiting clause, which expressly restricts the offenses included to those involving firearms. He therefore asserts that his possession of ammunition offense is not an aggravated felony under the Act.

In *Matter of Ruiz-Romero*, 22 I&N Dec. 486 (BIA 1999), we examined the parenthetical "relating to alien smuggling" in the aggravated felony definition at section 101(a)(43)(N) of the Act. Following a review of the plain statutory language, the procedural history of the provision, and the relevant case law, we concluded that the parenthetical was descriptive, rather than limiting. *Id.* at 489. Noting that numerous other aggravated felony provisions in section 101(a)(43) referenced statutes outside the Act, we stated that their parentheticals, including the one in section 101(a)(43)(E)(ii), provided a "shorthand description of the referenced criminal offenses" that gave the reader "guidance as to the nature and

---

[1] According to 18 U.S.C. § 922(g)(1), it is unlawful for any person

> who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;
> . . .
> to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

Pursuant to 18 U.S.C. § 924(a)(2), the penalty for a conviction under § 922(g) is a fine, imprisonment for not more than 10 years, or both.

extent of the offenses referenced." *Id.* We therefore concluded that rather than limiting the "range of . . . offenses that may be regarded as an aggravated felony," the parentheticals "simply provide a generic point of reference." *Id.* at 490. By that general observation, we did not, however, intend to obviate the need for a section-by-section analysis of the parentheticals in section 101(a)(43) to determine whether the language in each is descriptive or limiting.

The respondent acknowledges our decision in *Matter of Ruiz-Romero* but argues that it is not dispositive because our analysis in that case focused on section 101(a)(43)(N) of the Act. He contends that an analysis of section 101(a)(43)(E)(ii) is required. We agree and will examine the "relating to firearms offenses" parenthetical in that section.

When interpreting a statute, we should be guided by common sense, taking into consideration Congress' intention to enact "a symmetrical and coherent regulatory scheme." *FDA v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 133 (2000); *see also Robinson v. Shell Oil Co.*, 519 U.S. 337, 340 (1997); *Matter of Arrabally and Yerrabelly*, 25 I&N Dec. 771, 775 (BIA 2012). We must therefore read the parenthetical to section 101(a)(43)(E)(ii) in context and with a view to its place in the overall structure of the statute. *See Gourche v. Holder*, 663 F.3d 882, 885 (7th Cir. 2011) (finding that the language and structure of section 237(a)(3)(B)(iii) of the Act showed Congress' intent that the statute's parenthetical would "provide a convenient shorthand description" of the removal ground); *United States v. Salas-Mendoza*, 237 F.3d 1246, 1247 (10th Cir. 2001) (considering the context of the parenthetical in section 101(a)(43)(N) of the Act in finding that it is descriptive rather than limiting); *United States v. Monjaras-Castaneda*, 190 F.3d 326, 330 (5th Cir. 1999) (same).

We note first that courts interpreting the nature of "relating to" parentheticals have found that they are "widely understood to have a descriptive import." *United States v. Harrell*, 637 F.3d 1008, 1012 (9th Cir. 2011) (and cases cited therein); *see also Monjaras-Castaneda*, 190 F.3d at 330. "The phrase 'relating to' does not itself imply exclusivity; rather, it plainly reflects a descriptive character." *Harrell*, 637 F.3d at 1010–11. The Board and courts of appeals "have consistently ruled that the phrase 'relating to' has an expansive meaning." *Matter of Gruenangerl*, 25 I&N Dec. 351 (BIA 2010).

By contrast, when Congress intends for a parenthetical to have a limiting effect, it generally uses language that is clear and distinct, with words such as "except," "if," and "but not including." *See Gourche*, 663 F.3d at 885–86 (comparing such "restrictive or conditional language" to the "descriptive shorthand" of a "relating to" parenthetical); *see also Harrell*, 637 F.3d at 1011 ("Congress' use of clear *and distinct* language when it

intends a limiting effect underscores the descriptive character of the 'relating to' parenthetical."); *United States v. Galindo-Gallegos*, 244 F.3d 728, 734 (9th Cir. 2001) (stating that Congress has "used a perfectly clear approach to articulate a limiting rather than descriptive parenthetical").

For example, in considering whether the parentheticals in section 101(a)(43) of the Act are descriptive or restrictive, a number of circuit courts have noted that Congress clearly demonstrated its ability to exclude some specific offenses from the aggravated felony definition with the use of restrictive or limiting language in sections 101(a)(43)(F) and (J). *Patel v. Ashcroft*, 294 F.3d 465, 472 (3d Cir. 2002); *Galindo-Gallegos*, 244 F.3d at 734; *Salas-Mendoza*, 237 F.3d at 1248; *Monjaras-Castaneda*, 190 F.3d at 330. In each of those cases, the courts concluded that the "relating to alien smuggling" parenthetical in section 101(a)(43)(N) was clearly descriptive and not restrictive, as did every other circuit court that has considered that issue. *See also Guo Xing Song v. U.S. Att'y Gen.*, 516 F. App'x 894 (11th Cir. 2013); *Gavilan-Cuate v. Yetter*, 276 F.3d 418 (8th Cir. 2002); *Ruiz-Romero v. Reno*, 205 F.3d 837 (5th Cir. 2000).

This conclusion was based in large part on the courts' examination of the context in which the parenthetical appeared in the statute. As we noted in *Matter of Ruiz-Romero*, 22 I&N Dec. at 489, the aggravated felony provisions include numerous references to statutes that are not in the Act. Several courts agreed that "[w]ithout any descriptions of what the section numbers refer to, determining whether an offense qualifies as an aggravated felony would be a laborious process." *Salas-Mendoza*, 237 F.3d at 1247; *see also Galindo-Gallegos*, 244 F.3d at 734 (finding that the "function of the descriptive language appears to be to make reading the statute easier"); *Monjaras-Castaneda*, 190 F.3d at 330. This led them to conclude that the "relating to" parentheticals in section 101(a)(43) of the Act, including the one in section 101(a)(43)(E)(ii), are descriptive and are "intended only as a general illustration of the referenced criminal statutes." *Patel*, 294 F.3d at 471; *see also Gourche*, 663 F.3d at 885 (noting that "[t]hese descriptive parentheticals are different from other subparagraphs of the aggravated felony definition that use parentheticals explicitly to limit those offenses that may constitute an aggravated felony").

The aggravated felony defined in section 101(a)(43)(E)(ii) of the Act specifically references 18 U.S.C. § 922(g), the statute under which the respondent was convicted, as well as several others that also criminalize acts involving both firearms and ammunition. 18 U.S.C. §§ 922(j), (n), 924(b). If the parenthetical was meant to limit the aggravated felony definition, Congress could have drafted it to state that it included "only firearms offenses" or "firearms but not ammunition offenses." *See Gourche*, 663 F.3d at 886 (noting that the "absence of limiting language in

the parenthetical description of [section 237(a)(3)(B)(iii) of the Act] shows that Congress intended the parenthetical as a descriptive shorthand"); *Patel*, 294 F.3d at 472 (stating that "Congress used restrictive or limiting language where it intended a parenthetical to limit or refine a given provision").  A common sense reading of the Act therefore leads us to conclude that the "relating to" parenthetical in section 101(a)(43)(E)(ii) simply provides a "shorthand description" of the offenses included in the aggravated felony definition, rather than confining it to firearms offenses to the exclusion of offenses involving only ammunition. *Matter of Ruiz-Romero*, 22 I&N Dec. at 489.

Finally, we point out that the possession of ammunition is integrally associated with firearms and their use.  *See* 18 U.S.C. § 921(a)(17)(A) (2006) (stating that the "term 'ammunition' means ammunition or cartridge cases, primers, bullets, or propellent powder designed for use in any firearm").  This interconnection between ammunition and firearms supports our conclusion that a crime involving ammunition is one "relating to firearms offenses."  *Cf. Patel*, 294 F.3d at 473 (finding it "obvious" that the "offense of 'harboring an alien' does *relate* to alien smuggling"); *Monjaras-Castaneda*, 190 F.3d at 330.

We recognize that the United States Court of Appeals for the Second Circuit, in whose jurisdiction this case arises, declined to follow the Fifth Circuit's reasoning in *Monjaras-Castaneda* for its conclusion that the parenthetical language in section 101(a)(43)(N) was descriptive rather than limiting. *Evangelista v. Ashcroft*, 359 F.3d 145 (2d Cir. 2004).  However, the Second Circuit was evaluating whether a different parenthetical in section 101(a)(43)(M)(ii) of the Act, "relating to tax evasion," included the crime of "defeat" of a tax.  Furthermore, the court did not find it necessary to determine whether the parenthetical had a descriptive or restrictive meaning, finding instead that "whatever differences there may be between them, 'defeat [of a] tax' is at least 'relat[ed] to tax evasion.'"  *Id.* at 151.  Because the Second Circuit's conclusion is not inconsistent with ours, we do not consider its decision in *Evangelista* to be contrary authority.

Having examined the "relating to firearms offenses" parenthetical in section 101(a)(43)(E)(ii) of the Act, we conclude that Congress intended it only to be descriptive of the types of offenses that are referenced in § 922(g), rather than a limitation that excludes ammunition offenses from the aggravated felony definition.

The respondent asserts that the Immigration Judge erred by failing to apply the rule of lenity in interpreting section 101(a)(43)(E).  This rule, which provides that ambiguities in statutes must be construed in an alien's favor, is a doctrine of "last resort" to be employed only after traditional means of statutory interpretation have failed to resolve any ambiguities.

*Patel*, 294 F.3d at 473 n.9 (stating that the "rule only applies if there is a 'grievous ambiguity or uncertainty in the statute'" (quoting *Muscarello v. United States*, 542 U.S.125, 138 (1998))); *Ruiz-Almanzar v. Ridge*, 485 F.3d 193, 198 (2d Cir. 2007); *see also Matter of Rotimi*, 24 I&N Dec. 567, 576 n.5 (BIA 2008).

We have interpreted the parenthetical to section 101(a)(43)(E)(ii) as descriptive because it clearly encompasses the criminal statutory provisions that it references, which involve both firearms and ammunition offenses. Our conclusion is informed by the principles of statutory interpretation and is supported by significant case law.  Because we find that the meaning of the phrase "relating to" can be sufficiently discerned to resolve this case, we conclude that the rule of lenity does not apply.  *See Kawashima v. Holder*, 132 S. Ct. 1166, 1176 (2012); *see also Evangelista*, 359 F.3d at 151 (finding there was no ambiguity in the parenthetical "relating to tax evasion" in section 101(a)(43)(M)(ii) of the Act); *Monjaras-Castaneda*, 190 F.3d at 330 (finding use of the rule of lenity to be unwarranted because the meaning of section 101(a)(43)(N) was plain).  Accordingly, the respondent's appeal will be dismissed.[2]

**ORDER:**  The appeal is dismissed.

---

[2]  The respondent also argues that he was deprived of due process because of the manner in which the Immigration Judge decided whether the parenthetical "relating to firearms offenses" is descriptive or limiting in nature.  We find this argument to be without merit. The Immigration Judge gave the respondent ample opportunity, through counsel, to argue the question, both orally and in writing.  To the extent that the respondent contends that the Immigration Judge did not decide, in the first instance, how to characterize the section 101(a)(43)(E)(ii) parenthetical, he has suffered no prejudice because, upon our de novo review of this legal issue, we find that the parenthetical is descriptive.