# United States Court of Appeals
## For the First Circuit

No. 13-1259

RAFAEL IXCUNA SAM,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General of the United States,

Respondent.

PETITION FOR REVIEW OF AN ORDER
OF THE BOARD OF IMMIGRATION APPEALS

Before

Lynch, Chief Judge,
Torruella and Lipez, Circuit Judges.

John P. Garan on brief for petitioner.
Tracie N. Jones, Trial Attorney, Office of Immigration Litigation, Stuart F. Delery, Assistant Attorney General, Civil Division, and Song Park, Senior Litigation Counsel, on brief for respondent.

May 14, 2014

**LYNCH, <u>Chief Judge</u>**.   Petitioner Rafael Ixcuna Sam, a native of Guatemala, seeks review of an order of the Board of Immigration Appeals (BIA) denying his application for withholding of removal.   Sam argues that the BIA erred in concluding that he failed to establish "membership in a particular social group" under 8 U.S.C. § 1231(b)(3)(A).   After careful consideration, we deny the petition.

## I.

Sam is currently 32 years old.   At age 19, Sam left Guatemala due to the poor economic situation of his family and of his country more generally.   He entered the United States without inspection sometime in 1999 or 2000.

In 2006, the Department of Homeland Security commenced removal proceedings against Sam, charging him with removability under 8 U.S.C. § 1182(a)(6)(A)(i).   In 2011, Sam, represented by counsel, conceded removability and filed an application for withholding of removal.   Sam argued that withholding was proper because, as an individual who had stayed in the United States for an extended period, he would be perceived as wealthy upon his return and thus would be targeted for extortion and violence by Guatemalan gangs.   This, Sam argued, made him a member of a "particular social group" and thus eligible for withholding of removal under 8 U.S.C. § 1231(b)(3)(A).

At a hearing on March 2, 2011, an Immigration Judge (IJ) denied Sam's application for withholding of removal. The IJ reasoned that Sam had failed to make the necessary showing under 8 U.S.C. § 1231(b)(3)(A) that he was a member of a particular social group. The IJ observed that neither Sam nor any of his family members remaining in Guatemala had experienced any harm in the past. He further explained that, even crediting Sam's subjective fear of being targeted as an "Americanized" returnee, Sam had not sufficiently demonstrated that Americanization makes him a member of a particular social group. Finally, the IJ concluded that, without evidence of belonging to a particular social group, Sam also could not show a "clear probability" that he would likely be persecuted upon returning to Guatemala.[1]

On January 23, 2013, the BIA affirmed the IJ's decision, largely adopting the IJ's conclusions. The BIA reasoned that Sam had not "demonstrate[d] that any harm feared would be on account of a protected ground," as distinguished from the generally universal threat of violence that all Guatemalans face to some extent, citing our decision in Palma-Mazariegos v. Gonzales, 428 F.3d 30, 37 (1st Cir. 2005). The BIA also cited our decision in Sicaju-Diaz v. Holder, 663 F.3d 1, 4 (1st Cir. 2011), in which we held that

---

[1] The IJ also rejected Sam's argument that he would be targeted for being "resistant to gang membership," finding that Sam had failed to establish a likelihood of harm on account of membership in a gang-resistant social group. Sam does not contest this conclusion on petition for review.

-3-

wealthy individuals returning to Guatemala from the United States were not a particular social group for purposes of withholding of removal. Sam timely petitioned for review by this court.

II.

Where the BIA has deferred to or adopted the IJ's reasoning, we review the IJ's decision, as supplemented by the BIA. See Romilus v. Ashcroft, 385 F.3d 1, 5 (1st Cir. 2004). We will uphold the BIA's factual determinations if they are "supported by reasonable, substantial, and probative evidence on the record considered as a whole." Id. (quoting INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992)) (internal quotation marks omitted). We review the BIA's legal determinations de novo, affording "appropriate deference" to the agency's conclusions. Sok v. Mukasey, 526 F.3d 48, 53 (1st Cir. 2008).

To qualify for withholding of removal, an applicant must establish that "race, religion, nationality, membership in a particular social group, or political opinion" was or will be a central reason for persecuting the applicant following his or her removal. 8 U.S.C. § 1231(b)(3)(A); see Singh v. Mukasey, 543 F.3d 1, 5 (1st Cir. 2008). The applicant must show a "clear probability" of persecution in the form of threats to his or her life or freedom on account of one of those enumerated grounds. INS v. Cardoza-Fonseca, 480 U.S. 421, 425 (1987).

-4-

Sam's sole argument before this court is that he qualifies for withholding of removal as a member of a particular social group, which he defines as individuals perceived as wealthy on account of their return to Guatemala from lengthy stays in the United States. As we have explained elsewhere, the factors relevant to determining whether a claimed group is a "particular social group" for purposes of withholding of removal include "the immutability of the characteristic, the visibility and general recognition of the group, and the extent to which the definition is concrete enough to include or exclude claimants." Sicaju-Diaz, 663 F.3d at 4.

As the BIA noted, our decision in Sicaju-Diaz already addressed the question of whether wealthy Guatemalans returning from the United States are a particular social group. We concluded that, although a social class of persons defined based on wealth but with "immutable heritage" -- for instance, a hereditary peasant class such as "kulaks" after the Russian Revolution -- may qualify as a particular social group, the group of persons merely "happening to be wealthy" does not. Id. The BIA relied on that precedent to support its decision.

Sam attempts to distinguish Sicaju-Diaz on the grounds that Sicaju-Diaz focused on the perception of wealth and not on the fact that the asserted social group was returning from the United States. He argues that returnees from the United States are a

-5-

particular social group because that characteristic is immutable, and the class of people returning from the United States is discrete and socially visible.

This argument, however, was specifically addressed by Sicaju-Diaz itself.  In Sicaju-Diaz, we did not limit our reasoning to the perception of wealth, but instead explicitly considered the fact of returning from the United States.  As we explained, "being part of a landowning [heritable and immutable] class is quite different than happening to be wealthy or perceived to be wealthy because of owning a large house, belonging to a well known family or 'returning to Guatemala after a lengthy residence in the United States.'"  Id. (emphasis added).  For that reason, we rejected the petitioner's argument that "wealthy individuals returning to Guatemala from a lengthy stay in the United States comprise a social group entitled to asylum."  Id. at 3 (emphasis added).

Given this reasoning in Sicaju-Diaz, the BIA's judgment was both reasonable and consistent with our past precedent, as well as with its own.  See id. at 4 (citing In re A-M-E & J-G-U-, 24 I. & N. Dec. 69, 75-76 (B.I.A. 2007)).  We will not disturb such a decision.

III.

The petition for review is denied.