In the

# United States Court of Appeals

## For the Seventh Circuit

No. 16-1134

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

MICHAEL CHEZAN,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 10 CR 905 — **Charles R. Norgle**, *Judge.*

ARGUED JUNE 2, 2016 — DECIDED JULY 20, 2016

Before POSNER and SYKES, *Circuit Judges*, and YANDLE,
*District Judge.*[*]

POSNER, *Circuit Judge*. The defendant pleaded guilty in
2011 to aiding and abetting marriage fraud in violation of 18
U.S.C. § 1546(a), and in 2016 was sentenced to three years in
prison. Not being an American citizen he is very likely to be
deported upon completion of his prison sentence, because

[*] Of the Southern District of Illinois, sitting by designation.

marriage fraud is an aggravated felony if the defendant is sentenced to at least twelve months in prison for it, 8 U.S.C. § 1101(a)(43)(P), and a noncitizen convicted of an aggravated felony is deportable, 8 U.S.C. § 1227(a)(2)(A)(iii), and ineligible for cancellation of removal, asylum, or naturalization. See 8 U.S.C. §§ 1229b(a)(3), 1158(b)(2)(B)(i); 8 C.F.R. § 316.10(b)(1)(ii).

The defendant's principal argument is that he received ineffective assistance of counsel in the district court because he was not warned that pleading guilty would be virtually certain to result in his deportation. Had he been told, he says, he would have forgone the guilty plea and gone to trial in the hope of being acquitted. And so he asks us to let him withdraw his guilty plea and take a chance on a trial.

One of his lawyers, Justin Burton, was an immigration specialist. Thomas Durkin, his other lawyer, is not and relied on Burton to advise him and the defendant of the possible consequences for the defendant of being convicted. See *Padilla v. Kentucky*, 559 U.S. 356, 369 (2010). Burton pointed out to his client a possible—a barely possible—defense in the deportation proceeding that would inevitably follow his conviction (itself an inevitability if he pleaded guilty): that a marriage-fraud violation must "relat[e] to document fraud" to be an aggravated felony under 8 U.S.C. § 1101(a)(43)(P) and that he hadn't committed document fraud. True, he'd made misrepresentations in applications for immigration benefits, but according to Burton "document fraud" is limited to the misuse of "passports, green cards, or other immigration documents."

Burton had made clear to the defendant that the argument was unlikely to prevail—indeed was a "Hail Mary," an

assessment confirmed by our decision in *Gourche v. Holder*, 663 F.3d 882, 885 (7th Cir. 2011), issued a month after the defendant pleaded guilty. *Gouche* holds that the reference to "visas, permits, and other entry documents" in 8 U.S.C. § 1227(a)(3)(B)(iii) is intended "only to provide a convenient shorthand description of § 1546 (prohibiting fraud and misuse of visas, permits, and other documents) rather than to limit the class of aliens deportable under § 1227(a)(3)(B)(iii)." See also *Patel v. Ashcroft*, 294 F.3d 465, 469–70 (3d Cir. 2002).

As noted by the magistrate judge to whom the district judge referred the issue of ineffective assistance of counsel for a recommendation, the defendant had, thanks to lawyer Burton, "full knowledge of the great risk that he faced of deportation given the marriage fraud charges to which he was pleading guilty," and "actively strategized with his attorneys to attempt to navigate the minefield that he faced in this regard." The district judge agreed with the magistrate judge that Burton had not rendered ineffective assistance to the defendant.

The government had backed up its marriage-fraud charge with a charge of mortgage fraud, an aggravated felony in this case because of the amount of the loss caused by it. 8 U.S.C. § 1101(a)(43)(M)(i). Given the near certainty of deportation if the defendant was convicted of mortgage fraud, it made sense for him to plead guilty, as he did on advice of counsel. The plea might avoid deportation if as seemed possible the charge of mortgage fraud might be dismissed—and it was.

The defendant argues that Burton should have warned him that if he pleaded guilty to marriage fraud he would have "no chance" of avoiding deportation. Actually "no

chance" was incorrect because *Gourche v. Holder* had not yet been decided. Moreover, not all aliens convicted of aggravated felonies are deported. Some are overlooked by overworked immigration authorities and others released by court order pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001), which holds that immigrants admitted to the United States and subsequently ordered removed can't be detained for an indefinite period of time. And some of them successfully plead deferral or withholding of removal because there is a serious risk of their being tortured or killed if returned to their country of origin. Our defendant has sought to elude deportation despite his plea of guilty and subsequent conviction and sentence by failing to report to the Bureau of Prisons by June 8, the surrender date set by the district judge. He currently is a fugitive.

A trial was not an attractive alternative to the defendant's pleading guilty for the further reason that juries rarely are sympathetic to noncitizen defendants accused of the offenses that the defendant in this case was charged with. They are especially unlikely to acquit such a defendant when the evidence of his guilt is overwhelming. And he would have been likely to receive a longer prison sentence if convicted after a trial—defendants who plead guilty usually get a break regarding the severity of their sentence. Had Burton advised the defendant to go to trial and the defendant had done so and been convicted (as is highly likely, since he has failed to articulate any defense), we would doubtless be faced with an ineffective-assistance claim, just as in the present appeal. The defendant would be no better off and quite possibly worse off as a result of that choice.

The defendant quotes from *Padilla v. Kentucky*, *supra*, 559 U.S. at 368–69, that "Padilla's counsel provided him false assurance that his conviction would not result in his removal from this country. This is not a hard case in which to find deficiency: The consequences of Padilla's plea could easily be determined from reading the removal statute, his deportation was presumptively mandatory, and his counsel's advice was incorrect." In contrast, Burton did not advise his client that "his conviction would not result in his removal from this country." He advised him correctly that there was only a slight chance of that. The advice left the defendant free to gamble, if he wanted, by pleading guilty, which he did—and lost the gamble when our court decided *Gourche v. Holder*. But this was not Burton's fault; he had warned the defendant of the risks to his immigration status of pleading guilty. We agree with the district court that Burton did not render the defendant ineffective assistance of counsel.

The appeal also challenges certain sentencing enhancements imposed by the district judge, but these challenges have too little merit to warrant discussion.

The judgment of the district court is

AFFIRMED.