**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GURDEEP SINGH ATWAL,

Petitioner,

v.

JEFFERSON B. SESSIONS III, Attorney
General,

Respondent.

No.   12-70811

Agency No. A045-254-360

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 20, 2017
San Francisco, California

Before:  REINHARDT and BERZON, Circuit Judges, and AMON,[**] District
Judge.

Petitioner Gurdeep Singh Atwal petitions for review of the Board of

Immigration Appeals' decision upholding his removability under section

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Carol Bagley Amon, United States District Judge for
the Eastern District of New York, sitting by designation.

237(a)(3)(B)(iii) of the Immigration and Nationality Act ("INA"). Atwal also petitions for review of the BIA's pretermission of his application for a waiver of removability under INA § 237(a)(1)(H), denial of his application for withholding of removal and for relief under the Convention Against Torture ("CAT"), and denial of his various due process claims. We deny the petition.

1. Section 237(a)(3)(B)(iii) of the INA provides: "Any alien who at any time has been convicted . . . of a violation of, or an attempt or a conspiracy to violate, section of 1546 of Title 18 (relating to fraud and misuse of visas, permits, and other entry documents), is deportable." 8 U.S.C. § 1227(a)(3)(B)(iii). Atwal argues that he is not removable on this ground because he was convicted for conspiring to commit visa fraud under 18 U.S.C. § 371, not 18 U.S.C. § 1546. But INA § 237(a)(3)(B)(iii) provides that a conviction for *conspiracy* to violate 18 U.S.C. § 1546, in addition to a conviction for violating 18 U.S.C. § 1546 itself, renders an alien removable. *See id*. Section 1546 does not contain a conspiracy provision, so a defendant charged with conspiring to violate that section would be charged under 18 U.S.C. § 371, the general conspiracy statute. An alien convicted under 18 U.S.C. § 371 of conspiring to violate 18 U.S.C. § 1546 is thus removable

under INA § 237(a)(3)(B)(iii). *See Taggar v. Holder*, 736 F.3d 886, 888 (9th Cir. 2013)[1]; *Gourche v. Holder*, 663 F.3d 882, 883, 885-86 (7th Cir. 2011).

2. The object of a conspiracy charged under 18 U.S.C. § 371 is an essential element of the crime, which must be proven or admitted for a defendant to be convicted. *See United States v. Arlt*, 252 F.3d 1032, 1034 (9th Cir. 2001) (en banc) ("[T]he specific offense designated as the object of the conspiracy in a § 371 indictment does constitute an element of the offense."). The BIA did not err in reviewing Atwal's plea agreement to determine which substantive criminal offense or offenses were the object of the conspiracy to which Atwal plead guilty. *See Nijhawan v. Holder*, 557 U.S. 29, 41 (2009) (providing that the courts may review certain conviction documents, including a plea agreement for the limited purpose of "determining which statutory phrase (contained within a statutory provision that covers several different generic crimes) covered a prior conviction.").

---

[1] The record in *Taggar* reveals that the petitioner in that case was convicted under 18 U.S.C. § 371, though the opinion in that case does not so state.

Atwal admitted unequivocally in the plea agreement to conspiring to violate 18 U.S.C. § 1546(a).[2] The underlying object to violate a federal statute is an essential element of a conspiracy conviction. *See Arlt*, 252 F.3d at 1037-38. The BIA thus did not err in holding Atwal removable under INA § 237(a)(3)(B)(iii) based on his conviction under 18 U.S.C. § 371 for conspiring to violate 18 U.S.C. § 1546.

3. An alien removable under INA § 237(a)(3)(B)(iii) is not eligible for a fraud waiver under INA § 237(a)(1)(H). *Taggar*, 736 F.3d at 890 (citing *Gourche*, 663 F.3d at 886-87). Because one of Atwal's grounds of removability cannot be waived at the discretion of the Attorney General, the BIA did not err in pretermitting his waiver application. *See id.* at 891.

4. The BIA also did not err in denying Atwal's application for withholding of removal. "To qualify for withholding of removal, an applicant must show a 'clear probability' of future persecution . . . 'on account of' one of the statutorily enumerated grounds: race, religion, nationality, political opinion, or membership in

---

[2] The plea agreement also admitted conspiring to violate 18 U.S.C. § 1001(a). Atwal did not raise in his briefs or at oral argument (for which counsel failed to appear) any question as to whether his conviction for a single count of conspiracy under 18 U.S.C. § 371 could have properly encompassed the intent to violate both 18 U.S.C. § 1546(a) and 18 U.S.C. § 1001(a), and, if not, whether that conclusion affects the *application* of the modified categorical approach in this case. We therefore do not address those questions.

a particular social group." *Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014) (first quoting *Alvarez-Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir. 2003); then quoting *INS v. Elias-Zacarias*, 502 U.S. 478, 480 (1992)).  The proposed social group of persons who have "lived and acquired resources in the United States," is not a cognizable social group for the purposes of withholding of removal.  *See Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1229 (9th Cir. 2016); *Sam v. Holder*, 752 F.3d 97, 100 (1st Cir. 2014); *Matul-Hernandez v. Holder*, 685 F.3d 707, 712-13 (8th Cir. 2012).

5. Atwal likewise has not demonstrated his eligibility for relief under CAT. "To qualify for CAT relief, an applicant must establish that 'he [or she] is more likely than not to suffer intentionally-inflicted cruel and inhuman treatment' if removed." *Garcia*, 749 F.3d at 791 (alteration in original) (quoting *Nuru v. Gonzalez*, 404 F.3d 1207, 1221 (9th Cir. 2005)).  Atwal presents no evidence, through either his declaration or the submitted country conditions reports, that he experienced past torture, or that he is "any more likely to be [a] victim[] of violence and crimes than the populace as a whole" in India.  *See Ramirez-Munoz*, 816 F.3d at 1230 (citing *Delgado-Ortiz*, 600 F.3d 1148, 1152 (9th Cir. 2010)).

6. Atwal's due process claims also lack merit.  The Immigration Judge properly denied Atwal's motion for recusal, as there is no evidence that she had a

5

"personal, rather than judicial, bias stemming from an 'extrajudicial' source which resulted in an opinion on the merits on some basis other than what [she] learned from [her] participation in the case." *Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 925 (9th Cir. 2007) (quoting *Matter of Exame*, 18 I. & N. Dec. 303, 306 (BIA 1982)). Atwal's claim that the Immigration Judge erred by not administering a *Miranda* warning to him also lacks merit. *Miranda* warnings are not required before questioning a non-citizen in civil removal proceedings. *See U.S. v. Solano-Godines*, 120 F.3d 957, 960 (9th Cir. 1997).

Finally, even assuming there were procedural violations at Atwal's 1997 marriage interview, he has demonstrated no prejudice from those alleged violations, given that he admitted in federal district court that his first marriage was fraudulent. *See Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620-21 (9th Cir. 2006).

**PETITION DENIED.**